## Doris W. Robinson v. Willis H. Robinson

[298 A.2d 556]

No. 102-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

*Reginald T. Abare, Esq.,* Barre, for Plaintiff.

*Richard E. Davis, Esq.,* Barre, for Defendant.

Smith, J. Doris Robinson received a decree of divorce from Willis Robinson by Decree of the Caledonia County Court on May 11, 1970. Although there were three minor children of the parties, no order was made as to the support of such children. However, in accordance with a stipulation filed by the parties, the court did decree to Doris Robinson "free and clear of any rights and interest of the said libellee, Willis H. Robinson", the homeplace of the parties situated in Groton, Vermont. The decree then provided that Doris should pay to Willis the sum of Four Thousand Three Hundred Dollars, within one month from date of the divorce order. Such payment was never made.

It followed that in December, 1970, Willis Robinson brought a petition for contempt against Doris Robinson by reason of her failure to comply with the provision of the decree which ordered her to pay to him the sum of $4,300.00 within one month from the date of the decree. Doris Robinson filed an

answer to the petition for contempt, and in February, 1971, both parties filed a petition in Caledonia County Court to modify the original divorce decree.

Caledonia County Court, as constituted in June of 1971, heard all petitions and answers at the same time. On June 2, 1971, the lower court handed down its findings of fact and decree. This decree, insofar as it is pertinent here, found that while Doris Robinson was technically in contempt in failing to pay Willis Robinson the sum provided for in the initial decree, was not found to be in contempt because it was not willful and was occasioned by reason of her changed financial circumstances.

That part of the new decree which is of interest to us here is the change made by the court relative to the payment by Doris Robinson to Willis Robinson of the $4,300.00. The new order provided that a lien should be imposed on the homestead property decreed to Doris Robinson, in favor of Willis Robinson, in the amount of $4300, without interest, with said lien to remain on said premises "until such time as said premises may be sold, if and when the Libelant desires to do so, or upon the death of the Libelant or remarriage of said Libelant, provided the minor children have reached their majority or are self-supporting . . . ."

It is the contention of Willis Robinson in this Court that the lower court erred in that part of its order which changed the original decree in respect to the payment of $4300 by Doris Robinson. Willis Robinson argues that without a showing of abuse of discretion on the part of the court which made the original divorce decree, the decree must stand. *Wacker* v. *Wacker*, 114 Vt. 521, 49 A.2d 119 (1946). Also cited is 24 Am.Jur.2d *Divorce and Separation* § 941:

> "If, in settlement of property rights, a decree provides for a lump sum, or payments in installments, or a transfer of property, it is generally held that the award is final and is not subject to modification as the circumstances of the parties change. . . ."

Doris Robinson contends, in effect, that the payment ordered was part of an alimony decree and that 15 V.S.A.

§ 758 allows a court to revise and alter its decree from time to time on petition of either party. Cited is *Davis* v. *Davis*, 121 Vt. 242, 154 A.2d 463 (1959), in which this Court held that the county court has the same wide discretion with respect to modification of alimony decrees as it has been accorded in original actions concerning alimony and support.

We are immediately confronted with the fact that the ordered payment of $4300 from Doris Robinson to Willis Robinson was not an alimony award. There is no provision under the Vermont Statutes for an award of alimony from wife to husband, and the findings of fact, as well as the stipulation filed by the parties in the original divorce hearing clearly show that such payment was ordered as part of a settlement of property rights between the parties.

Both the stipulation of the parties, and the decree of the court dated May 11, 1970, provide that Willis Robinson shall execute all necessary documents for the transfer of the homeplace to Doris Robinson upon receipt of the payment ordered.

This could lead to the conclusion that Willis Robinson would retain his tenant in common ownership of the property with Doris Robinson, by reason of her default in not complying with the decree of the court to pay him the sum ordered within the time specified. But the factual situation is complicated by the fact that although the decree ordered the specified payment to him in return for which he was to sign all necessary documents to transfer the homestead property to Doris Robinson, the decree of the lower court also provided:

> "(4) The homeplace of the parties situated in Groton, in the County of Caledonia and State of Vermont, which was conveyed to the parties by warranty deed of Harold O. Taylor, dated July 5, 1950, as recorded in Book 21, page 196 of the Groton Land Records, is decreed to the libellant, Doris W. Robinson, free and clear of any rights and interest of the said libellee, Willis H. Robinson."

Such decree, if filed in the Groton Land Records, would convey to Doris Robinson an absolute title to the home place prop-

erty, without the necessity of her procuring any documents of transfer from her former husband. In effect, Willis Robinson was left with no interest in the homeplace property by which he could secure payment of the sum due him under the decree from his wife.

The question is not raised here but that the lower court, in the contempt and modification hearing, did have the right to excuse the contempt of Doris Robinson, nor is any objection made as to the support order made at that time against Willis Robinson for the support of the minor children.

What is questioned is that part of the order of the Caledonia County Court, dated June 2, 1971, which changed and modified the original decree of divorce in respect to the payment of the $4300 from Doris Robinson to Willis Robinson. Such part of the order stated:

> ". . . there shall be a lien imposed on the homestead premises in favor of the Libelee in the amount of Forty Three Hundred Dollars ($4300) without interest, said lien to remain on said premises until such time as said premises may be sold, if and when the Libelant desires to do so, or upon the death of the Libelant or remarriage of said Libelant, provided the minor children have reached their majority or are self-supporting . . . ."

The above-quoted portion of the order of the court did not attempt to change the amount of money which Doris Robinson was ordered to pay to Willis Robinson in the original divorce decree. But it did modify the terms of payment of such sum so that Willis Robinson would receive such payment only at such time that his former wife wished to sell the property or that she remarried or died, and only then if the children of the parties had become of age or were self-supporting. The general rule is that an adjustment of property rights between the parties to a divorce proceeding, cannot be modified or vacated after it has become final, in the absence of fraud, coercion, or other grounds on which ordinary judgments may be modified or set aside. 27 C.J.S. *Divorce* § 300(4). There was no showing below that the court which granted the original decree of divorce in which

the payment order was contained had withheld or abused its discretion in making its order for property settlement and under our law the decree as made must stand. *Wacker* v. *Wacker, supra.*

We are, however, faced with the fact that the thirty days specified for payment in the original decree and judgment order have long since passed, as well as the fact that Doris Robinson was not found to be in legal contempt by the lower court.

It is true that the lower court did impose a lien upon the premises that had been decreed to Doris Robinson, to secure payment of the sum due Willis Robinson under the decree. Such lien is to be without interest. Under the various conditions imposed by the lower court, we do not think that such lien served to provide Willis Robinson with any reasonable hope of enforcement of the original decree, to which he was entitled. In any event, the lower court was without authority to change the property settlement provision of the original decree.

*That part of the order of the Caledonia County Court, dated June 2, 1971, which modifies the original decree of divorce in respect to the payment of the $4300 from Doris Robinson to Willis Robinson is reversed, and the cause is remanded on that ground alone.*