### Susan M. Rudin v. Andrew C. Rudin

[312 A.2d 736]

No. 37-73

Present: **Barney, Smith, Keyser and Daley, JJ., and Hill, C. Supr. J.**

Opinion Filed December 4, 1973

*Burgess & Kilmurry,* Montpelier, for Plaintiff.

*Monte & Monte,* Barre, for Defendant.

**Smith, J.** The sole issue here is the property settlement made by the Washington County Court in its divorce decree of January 29, 1973, and its findings of fact and judgment order of February 14, 1973.

During the pendency of the hearing on the divorce libel, the parties, who are the parents of two minor children, entered into an agreement to make certain division of real property owned by them in the entirety in Calais, Vermont. The property consisted of eighty-six acres of land, with a house and cabin thereon. Rather than appearing at a temporary hearing scheduled in the case for December 6, 1971, the parties entered into a stipulation dated January 3, 1972. It was agreed that the plaintiff, Susan Rudin, should have custody of the minor children of the parties, with visitation rights to the defendant, Andrew C. Rudin, and that he was to pay the plaintiff the sum of $57.00 per week.

Important to the question here presented is that the parties signed a warranty deed conveying all of their jointly owned real estate to Daniel T. Monte. Mr. Monte, in turn, conveyed by quit-claim deed a ten-acre parcel to Susan Rudin, to her sole and separate use, and by a similar deed, seventy-six and one-half acres of land and buildings to Andrew C. Rudin. A one-acre plot was also conveyed to a Mr. and Mrs. Copeland, friends of the defendant, Andrew C. Rudin. The appraised value of the real estate conveyed to the plaintiff, Mrs. Rudin, was $1,150.00, while the land conveyed to Andrew Rudin was appraised at $10,000.00. The stipulation and the division of property were not submitted for approval to the court.

The lower court, in its findings of fact after the divorce hearing, did not approve the "temporary stipulation" of the

parties as being in the best interest of the children, particularly as regards the real estate division which the lower court found to be "inequitable and unconscionable."

In its judgment order the court made the following provision:

> In the event that the defendant shall sell the lands and premises described in the deed of Daniel T. Monte to Andrew C. Rudin dated 3 March 1972, recorded 13 May 1972 in Book 27 at Page 114 of the Calais Land Records, or any portion thereof, so that the parcel in its entirety or portions thereof by mesne conveyances shall aggregate a sale price in excess of $10,000, any sums received from said sale or sales in excess of $10,000 shall be divided equally between the plaintiff and the defendant after deducting the cost of any capital improvements made by the defendant after the date of this judgment, the broker's commission and other incidental expenses of the sale.
>
> The recording of this judgment in the land records of the Town Clerk's office of Calais, Vermont, shall constitute a lien against the defendant's real estate above described until the provisions herein have been complied with, are satisfied by mutual agreement of the parties or by order of Court.

It is the contention of the appellant the agreement between the parties to divide their property, as they did, followed by the deeds which actually did divide and distribute the property of the parties pursuant to the agreement, was binding upon the parties and on the court which decreed the divorce. Appellant cites *Robinson* v. *Robinson,* 130 Vt. 558, 298 A.2d 556 (1972), in support of this contention. But *Robinson,* which was a petition to modify a decree of divorce, dealt only with a situation where the adjustment of property rights between the parties had been made by the court in a final divorce proceeding, and held that such decree must stand absent the fact that the court, which granted the original decree of divorce in which the property disposition was made, had withheld or abused its discretion. Such is not the case here, which is an appeal from the order of the court.

■ Here, the disposition of the property between the parties was not by decree of the lower court or with its sanction. As the lower court found, with such finding being supported by the evidence, such disposition was understood by the parties to be only a temporary settlement of matters between them, including the division of property pending the hearing of the libel for divorce. Both parties so testified.

The defendant also claims that the division of the property, made by means of a trustee deed and a strawman deed, was valid disposition of the property and thus was not subject to the decree of the court.

However, 15 V.S.A. § 751 gives a court in an action for absolute divorce the right to decree such disposition of the property "owned by the parties separately" as shall appear just and equitable. It further provides that when such a divorce decree affects title to real estate and is recorded in the land records of the town where the property is situated, it "shall be effective to convey and encumber the title to such real estate as indicated in such decree, subject to all prior encumbrances." Under the terms of the statute, the court was not bound by the parties' property stipulation, but was within its discretion in making a new disposition of the property under the evidence before it even if such property was owned by the defendant separately by reason of the exchange of deeds.

■ It is evident from the findings of the lower court that it was concerned for the future welfare of the minor children of the parties. The court found that the defendant was paying for the support of such children only $40.00 per week, although he had originally agreed to pay $57.00 per week under the stipulation made between the parties. It found that the defendant had no further jobs in sight after finishing his then present employment which would cease in two weeks. The reason given by the lower court in not approving the stipulation between the parties was "because of the defendant's erratic work record in the past and his doubtful ability to adequately support the minor children in the future. . . ." The findings are supported by the evidence, but with the concern of the court in mind, as well as its findings relative to the defendant's lack of ability to support the children in the future, the order made is inadequate to carry out the purpose of the findings.

Under the order as made by the lower court, the defendant becomes responsible for additional payments to the plaintiff only when, and if, he sells the real estate now in his name, and then only if such sale is in an amount in excess of $10,000.00. If the defendant determines never to sell such real estate, or should he decide to sell such real estate for less than $10,000.00, the plaintiff would receive no additional payment.

In its judgment, as well as in its findings, the lower court expressed concern in the matter of child support by the plaintiff, and we think the intent of the lower court was to provide additional child support to his children from the defendant. The order, as we have seen, provides only for additional payments to the plaintiff, with no direction that such additional payments should be used for the support of the children.

Thus, the order is inconsistent with the finding made by the lower court and does not carry out the intent expressed by the lower court in its findings and judgment.

*The cause is returned to the Washington County Court for a judgment order consistent with the findings.*