# Rosemary Sullivan Sweeney v. Arthur Brady Sweeney, Jr.

[388 A.2d 388]

No. 311-76

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*Corsones & Hansen,* Rutland, for Plaintiff.

*Martin Nitka,* Ludlow, for Defendant.

**Per Curiam.** The plaintiff sought and obtained a decree of divorce from the defendant in the Rutland Superior Court. The court in its decree provided for a division of the real and personal property and an award of alimony to the plaintiff. In so doing, the defendant asserts that the court abused its judicial discretion. We do not agree and affirm.

The statute governing the disposition of property is 15 V.S.A. § 751. It states that the court shall "decree such disposition of the property owned by the parties separately, jointly, or by the entirety, as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they shall be left by such divorce, [and] to the party through whom the property was acquired. . . ."

Unless it appears on review that such discretion has been withheld or abused, the decree must stand. *Peisch* v.

*Peisch,* 132 Vt. 514, 321 A.2d 67 (1974). The defendant complains that while the court concluded that the marital property should be divided equally, its order specifically awarding the property did not achieve that result. However, the division of marital property does not always lend itself to a precise mathematical formula; the record discloses compliance by the court with the principles enunciated by 15 V.S.A. § 751 and our case law. To require precise division would entail liquidation of the marital assets in every contested case, a result often highly disadvantageous to the parties. No abuse of discretion appears.

We also find no abuse of discretion in the award of alimony under the circumstances shown in the record. *Young* v. *Young,* 134 Vt. 87, 349 A.2d 225 (1975); *LaFarr* v. *LaFarr,* 132 Vt. 191, 315 A.2d 235 (1974).

*Judgment affirmed.*