**Elsie D. Graziano v. Anthony A. Graziano**

[431 A.2d 448]

No. 142-80

Present: Larrow, Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed April 7, 1981

J. Fred Carbine, Jr., and Edward R. Seager, Rutland, for Plaintiff.

Parisi & Burke, Castleton, for Defendant.

**Per Curiam.** After a contested hearing the plaintiff obtained a divorce in Rutland Superior Court on the ground that the parties had lived separate and apart for six consecutive months, with the resumption of marital relations not reasonably probable. 15 V.S.A. § 551. In ordering a disposition of the property pursuant to 15 V.S.A. § 751, the trial court awarded about 60% of the property to the plaintiff, and about 40% to the defendant. The plaintiff appeals, asserting that the trial court abused its discretion concerning this division in that the plaintiff should have been awarded all of the equity in the homestead, or at least a larger portion.

15 V.S.A. § 751 states that the court shall "decree such disposition of the property . . . as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they shall be left by such divorce, to the party through whom the property was acquired and to the burdens imposed upon it for the benefit of the children."

The disposition of property pursuant to divorce decree is a matter for the discretion of the trial court. *Palmer* v. *Palmer*, 138 Vt. 412, 416, 416 A.2d 143, 146 (1980); *Whitcomb* v. *Whitcomb*, 137 Vt. 11, 12, 398 A.2d 305 (1979); *Sweeney* v. *Sweeney*, 136 Vt. 199, 388 A.2d 388 (1978); *Peisch* v. *Peisch*, 132 Vt. 514, 518, 321 A.2d 67, 71 (1974). Unless an abuse of discretion is demonstrated the trial court's decree must stand. *Palmer* v. *Palmer, supra.* Upon a review of the record here, the trial court's discretion was neither abused nor withheld.

*Affirmed.*