**Phyllis G. Kinley v. Donald L. Kinley**

[435 A.2d 698]

No. 257-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ.

Opinion Filed September 1, 1981

*Edward A. John*, Brattleboro, for Plaintiff.

*Fitts, Olson, Carnahan, Anderson & Bump*, Brattleboro, for Defendant.

**Billings, J.** Plaintiff-appellee was granted a decree of divorce from the defendant-appellant on October 31, 1979, on the grounds that the parties had lived separate and apart for more than six months with the resumption of marital relations not being reasonably probable. The parties were married on August 16, 1963, and had three children ranging in ages from 9 to 13 at the time of the divorce. The initial decree made no provision for custody, support or division of property but

allowed either side the right to petition the court if they were unable to agree. The parties could not agree, and the trial court, after hearing, issued a detailed order relating to custody, support and property division. The defendant appeals that part of the order in which the trial court stated that the "household furniture, furnishings and other personal property presently in the possession of the plaintiff are decreed to the plaintiff and those presently in the possession of the defendant are decreed to the defendant." At the time of the decree the plaintiff was in possession of most of the personal property of the parties. The defendant claims that the trial court abused its discretion in this division in that all of the items of personal property should have been equally divided between the parties.

15 V.S.A. § 751 provides for disposition of property in divorce matters and indicates that among the factors to be considered in making the decision are the source of the property, the respective merits of the parties, the condition with which each would be left by the divorce, the needs of the children and a general equitable result. This Court has repeatedly held that the disposition of property is a matter of discretion with the trial court, *Palmer* v. *Palmer*, 138 Vt. 412, 416 A.2d 143 (1980); *Sweeney* v. *Sweeney*, 136 Vt. 199, 388 A.2d 388 (1978), and unless an abuse of discretion is demonstrated its decree must stand. *Palmer* v. *Palmer, supra; White* v. *White*, 133 Vt. 614, 349 A.2d 894 (1975). The distribution of property does not always lend itself to a precise mathematical formula, *Sweeney* v. *Sweeney, supra*, 136 Vt. at 200, 388 A.2d at 389, and it is not an exact science. *Hogel* v. *Hogel*, 136 Vt. 195, 197, 388 A.2d 369 (1978). All that is required is that it be equitable. From a review of the record it appears that the trial court's discretion was neither withheld nor abused.

*Affirmed.*