### Joan P. Victor v. Elwood P. Victor

[453 A.2d 1115]

No. 433-81

Present: Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 2, 1982

*Stephen S. Blodgett* and *Linda Vance,* Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Wool & Murdoch,* Burlington, for Defendant-Appellant.

**Billings, J.** The parties were divorced by decree of the Chittenden Superior Court on grounds that they had lived separate and apart for more than six months with the resumption of marital relations not reasonably probable. 15 V.S.A. § 551. After hearing, the trial court issued findings of fact and conclusions of law, ordering, inter alia, that the real estate of the parties be sold and from the net proceeds the plaintiff be awarded $20,000 with the balance to the defendant, that the defendant pay to the plaintiff $150 biweekly as alimony until August 1, 1982, and that the defendant pay to the plaintiff $2,300 on account of arrearages for temporary support and alimony. The defendant appeals from the trial court's decree, citing four grounds for error which we will consider in turn.

The defendant first claims that the trial court erred in including his pension plan as a marital asset, and further erred in improperly computing its value. The trial court found that the defendant, through his United States Department of Transportation job, had a vested pension plan. The uncontroverted evidence at trial disclosed that the defendant's pension contributions totalled $11,342.56 as of the date of the hearing. The court further found that the defendant was 49 years old, that the pension plan generally provided benefits beginning at age 62, and that the present value of the plan, were the defendant to retire at the date of the hearing, was $34,107. The court also found that were the defendant to retire at age 59, the pension payable would exceed its present value of $34,107.

Both parties cite numerous cases from other jurisdictions concerning whether or not a pension plan may be considered a marital asset. However, we do not reach this issue, for in fact the trial court did not regard the plan as a marital asset. That is, the court assigned neither present nor future

rights to the plan. Instead the court below merely treated it as one factor among many in arriving at a just and equitable distribution of property pursuant to 15 V.S.A. § 751, much as it might treat a vested trust fund of one of the parties. Section 751, recently amended, provides in part that in making a property settlement the trial court "may consider all relevant factors, including but not limited to . . . the value of all property interests, liabilities, and needs of each party, . . . [and] the opportunity of each for future acquisition of capital assets and income . . . ." Thus, we find that the court below did not treat the defendant's pension plan as a marital asset, but rather properly considered it as a factor in arriving at an equitable property distribution.

■■ Nor did the court err in computing the plan's value. The plaintiff called an actuarial expert who testified that the value of such a pension could be calculated in two distinct ways, depending on the assumed length of employment. Were the defendant to terminate his employment as early as the date of the hearing below, the value of his pension at age 62 would be $34,107. Were he instead to retire at age 62, he would by then have accrued a pension totalling $100,979. Upon this uncontradicted testimony the court apparently based its findings as to the value of defendant's pension, and we have no authority to disturb such findings. As we have often stated, findings of fact on appeal are not to be set aside "unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous." *Cliche* v. *Cliche*, 140 Vt. 540, 541, 442 A.2d 60, 61 (1982) ; V.R.C.P. 52. The value as found is without such error.

■ Defendant next contends that in other respects the trial court's findings of fact, conclusions of law, and resulting judgment regarding the parties' pension plans are not supported by the evidence. In particular, the defendant argues that the trial court erred in finding that the plaintiff had no pension plan at her "present job." The uncontroverted evidence presented below was that the plaintiff was about to leave one job and, within a month of the hearing, to commence another. In her new job with the United States Department of the Army, plaintiff would have a pension plan simi-

lar to that of defendant, although in her present job there was no pension whatsoever. As the trial court's findings to this effect are amply supported by the evidence, they will not be disturbed on appeal. V.R.C.P. 52; *Cliche* v. *Cliche, supra.*

 The defendant's third claim of error is that the trial court abused its discretion in its distribution of property, by failing to consider adequately the relative merits of the parties pursuant to 15 V.S.A. § 751(b)(12). As evidence of this failure defendant cites the property distribution itself. He argues that it is so disproportionately favorable to the plaintiff as to reveal a tacit ruling of sole fault by defendant, which ruling is unsupported by the court's actual findings. However, this claim of error is without merit. Fault of the parties is only one factor among many which "may" be considered by the trial court. 15 V.S.A. § 751(b). Moreover, the disposition of property upon divorce is a matter of broad discretion for the trial court, and unless it is shown that such discretion was abused, withheld, or exercised on grounds clearly untenable or to an extent clearly unreasonable, the decree will stand. *Kinley* v. *Kinley,* 140 Vt. 77, 78, 435 A.2d 698, 699 (1981); *Graziano* v. *Graziano,* 139 Vt. 403, 404, 431 A.2d 448, 448 (1981); *Field* v. *Field,* 139 Vt. 242, 244, 427 A.2d 350, 352 (1981). Defendant has failed to make such a showing. Finally, as we have stated before, the distribution of property is not an exact science and does not always lend itself to a precise mathematical formula; all that is required is that such distribution be equitable. *Kinley* v. *Kinley, supra,* 140 Vt. at 78, 435 A.2d at 699 (citing *Sweeney* v. *Sweeney,* 136 Vt. 199, 200, 388 A.2d 388, 389 (1978); *Hogel* v. *Hogel,* 136 Vt. 195, 197, 388 A.2d 369, 370 (1978)). A review of the record reveals that the property disposition was not inequitable, and was well within the trial court's discretion.

 The final error assigned by the defendant on appeal is that the court's findings of fact, conclusions of law and judgment regarding his ability to pay arrearages or alimony were not supported by the evidence. However, at oral argument the parties indicated that this claim of error is moot; thus, we do not reach it.

*Affirmed.*