# Henry Ruhe v. Irene Bosse Ruhe

[457 A.2d 628]

No. 535-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 7, 1983

430

*Bruce Bjornlund,* Waterbury, for Plaintiff-Appellant.

*Samuel C. FitzPatrick,* Montpelier, for Defendant-Appellee.

Billings, J. After a contested hearing, parties were granted a decree of divorce on grounds that they had lived separate and apart for more than six months, with the resumption of marital relations not reasonably probable. 15 V.S.A. § 551. The trial court issued extensive findings of fact and conclusions of law, and ordered, *inter alia,* that plaintiff pay defendant alimony in the amount of $2,000 per month for approximately 15 years, until his deferred compensation insurance payments terminate, at which time the alimony payments be reduced to $1,650 per month. The court further ordered the real and personal property of the parties divided approximately evenly.

Plaintiff appeals, claiming that (1) the alimony award is based on findings which inaccurately reflect defendant's income and earning potential, (2) the findings erroneously fail to reflect the parties' actual living expenses, and (3) the property distribution is based on findings which inaccurately reflect the source and value of various properties. The defendant cross-appeals, claiming that (1) the alimony award should have been termed a property settlement, and (2) that the property distribution is erroneous in that the trial court did not fully consider the recent gift of $36,500 made to defendant by her father.

██ ██ Plaintiff's first contention is that the alimony award was erroneous, in that it was based on findings which fail to reflect defendant's previous income, her present earning capacity, and the current income of certain securities allocated to her in the property decree, as well as plaintiff's future earning potential. Plaintiff acknowledges, as he must, the heavy burden which he bears in this claim, for this Court will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, they are clearly erroneous. *Victor v. Victor,* 142 Vt. 126, 129, 453 A.2d 1115, 1117 (1982); *Cliche v. Cliche,* 140 Vt. 540, 541, 422 A.2d 60, 61 (1982); V.R.C.P. 52. Further, under 15 V.S.A. § 754, as in effect at the time of the decree, the trial court may award alimony as it deems just, having due regard to the circumstances of the parties. The court has wide discretion in this matter, and although it is not unlimited, corrective action is warranted only where such discretion has been improperly exercised, or has exceeded its bounds. *Hammond v. Hammond,* 134 Vt. 318, 319, 360 A.2d 71, 71 (1976).

On the record before us, however, plaintiff has not met this burden, for the findings are ample and well-supported, and the resulting alimony decree well within the court's discretion. The findings reflect defendant's prior income from her operation of a jewelry business, as well as from her own craftwork and paintings. Contrary to plaintiff's assertion, it was not error for the trial court to omit a specific monetary amount earned; by the testimony such income, earned well over eight years ago, was only estimated. In addition, the court made adequate findings regarding the value of the various stocks and bonds owned by the parties, and there is no indication that their value was not considered in the court's alimony decree. Nor is there a "shortage or absence of findings," *Cleary v. Cleary,* 134 Vt. 181, 182, 353 A.2d 334, 336 (1976), regarding plaintiff's earning potential. The findings indicate that, due to medical problems, plaintiff has been on total disability since May of 1981. The court accurately found the amount of his present and future disability payments, as well as the provisions for reduced benefits upon retirement or a return to work. Should plaintiff's future income, due to unforeseen circumstances, significantly differ from these findings, plaintiff is

432

adequately protected by his option to move to modify his alimony obligations under 15 V.S.A. § 758.

Plaintiff's second contention, that the trial court failed accurately to find the parties' respective anticipated expenses, is equally without merit. The source for the amount found was the trial testimony and exhibits submitted by the parties. It does not appear on the record that such findings are clearly erroneous, *Victor* v. *Victor, supra,* 142 Vt. at 129, 453 A.2d at 1117; V.R.C.P. 52, nor has plaintiff demonstrated such error.

Plaintiff's final contention is dispatched with equal ease. He argues that the property distribution reflects inadequate and inaccurate findings with regard to the value and source of certain properties, and must be reversed. We note that 15 V.S.A. § 751, as in effect at the time of judgment, provides for the distribution of property upon decree as appears just and equitable, having regard to the respective merits of the parties, to the condition in which they shall be left by such decree, and to the party through whom the property was acquired. Again, the trial court has broad discretion and unless it is shown that such discretion was abused, withheld, or exercised on grounds clearly untenable or to an extent clearly unreasonable, the decree will stand. *Victor* v. *Victor, supra,* 142 Vt. at 130, 453 A.2d at 1117; *Kinley* v. *Kinley,* 140 Vt. 77, 78, 435 A.2d 698, 699 (1981).

Plaintiff argues generally that the value found for certain stocks and securities is erroneous, but has given no clear explication of the alleged error, nor has he offered a substitute value. As such, the findings must stand. *Victor* v. *Victor, supra,* 142 Vt. at 129, 453 A.2d at 1117; V.R.C.P. 52. Plaintiff further argues that a gift of $4,000 to plaintiff from his father, made at some uncertain time prior to the divorce, should have been noted in the findings and ordered returned to him. However, the testimony fails to indicate how long prior to separation and divorce this gift was received, and thus it was fully within the trial court's discretion to merge such income into the parties' joint assets. 15 V.S.A. § 751; *Colm* v. *Colm,* 137 Vt. 487, 490–91, 407 A.2d 184, 185–86 (1979); *Victor* v. *Victor, supra,* 142 Vt. at 130, 453 A.2d at 1117; *Kinley* v. *Kinley, supra,* 140 Vt. at 78, 435 A.2d at 699.

■ We turn now to defendant's allegations of error. Her first argument is that the trial court erred in classifying her monthly payments as "alimony" under 15 V.S.A. § 754, instead of as periodic installments of a "property settlement," under 15 V.S.A. § 751. Her interest in the terminology is considerable, for as "alimony," the payments are subject to modification under 15 V.S.A. § 758, and also subject to income taxation. I.R.C. §§ 61(a)(8), 71 (1982). This would not be true of "property settlement" payments. *Field* v. *Field*, 139 Vt. 242, 244, 427 A.2d 350, 352 (1981); I.R.C., *supra*. However, it is apparent from the record that the classification was not erroneous, but rather a considered decision by the trial court, and one well within its discretion to make. 15 V.S.A. § 754. As defendant has not cleared her hurdle of proving that the trial court improperly exercised its discretion or exceeded its bounds, we will not take corrective action. *Hammond* v. *Hammond, supra,* 134 Vt. at 319, 360 A.2d at 71.

■ Nor are we persuaded by defendant's second contention that, by its property settlement, the trial court failed to award defendant the full amount of a $36,500 gift which it had ordered be returned to her. In support of this contention, defendant presents a set of elaborate mathematical computations indicating that she did not receive a full $36,500 more than plaintiff in the property settlement. Thus, she argues, she is owed an additional $4,900 from plaintiff to correct the error. However, as we have often said, the distribution of property is not an exact science, and does not lend itself to precise mathematical formula. We require only that the distribution be equitable. *Kinley* v. *Kinley, supra,* 140 Vt. at 78, 435 A.2d at 699 (citing *Sweeney* v. *Sweeney,* 136 Vt. 199, 200, 388 A.2d 388, 389 (1978)). A review of the record reveals that the property disposition was neither inequitable nor beyond the trial court's discretion.

*Affirmed.*