## Diana M. Viskup v. John H. Viskup

[539 A.2d 554]

No. 86-378

Present: **Allen , C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned.**

Opinion Filed December 18, 1987

*Richard F. Taylor*, Middlebury, for Plaintiff-Appellee.

*Sessions, Keiner & Dumont*, Middlebury, for Defendant-Appellant.

**Peck, J.** Defendant appeals two orders of the Addison Superior Court. The first order grants plaintiff's motion to modify and clarify the final order and decree for divorce. This order requires defendant to pay plaintiff $74,350, an amount awarded in the original decree by way of property division, within ninety days of the order, rather than in three annual installments as the original order had provided. The second order denies defendant's motions to modify the final order and decree. Defendant had sought, through his motions, to substitute property for the monetary award to plaintiff, and to require plaintiff to provide payments for the support and maintenance of the parties' minor children. We affirm in part and reverse in part.

Defendant first contends that the court erred by modifying the final order and decree to accelerate defendant's payments pursuant to the property settlement. More specifically, defendant argues that the trial court improperly modified the property disposition since a decree relative to property is final and not subject to modification. *Robinson* v. *Robinson*, 130 Vt. 558, 561, 298 A.2d 556, 558 (1972); see *Sutton* v. *Sutton*, 147 Vt. 639, 640, 523 A.2d 1249, 1250 (1987).

It is well settled in Vermont that a divorce decree relative to property is final and not generally subject to modification, absent evidence of fraud or coercion. *Ruhe* v. *Ruhe*, 142 Vt. 429, 433, 457 A.2d 628, 630 (1983) (citing *Field* v. *Field*, 139 Vt. 242, 244, 427 A.2d 350, 352 (1981)); *Robinson*, 130 Vt. at 561, 298 A.2d at 558. The trial court has broad discretion in formulating awards of property, and unless the party challenging the disposition can prove an abuse of discretion, the decree will stand. *Philburt* v. *Philburt*, 148 Vt. 394, 397, 533 A.2d 1181, 1182 (1987).

In the case before us, the final order and decree gave defendant a choice to pay the $74,350 property award in a lump sum or in three annual installments. Defendant failed to make the first installment payment, and was subsequently found in contempt of court. At the hearing the court found that, while defendant did not have the present ability to pay the entire amount due in the first installment, he did have the ability to make a partial payment. Defendant was then ordered to pay a part of the first installment. He did so, purging himself of the contempt. In March, 1986, plaintiff filed a motion to modify and clarify the final order and decree, asking the court to modify the original order so as to permit acceleration of the total indebtedness and collection of the

entire money owed through remedies typically available to a creditor.[1]

We hold that the court improperly granted plaintiff's motion. Upon defendant's noncompliance with the divorce order, plaintiff had the full range of remedies available under an order holding defendant in contempt. See *Steele* v. *Steele*, 142 Vt. 112, 113, 453 A.2d 400, 401 (1982); *Andrews* v. *Andrews*, 134 Vt. 47, 49, 349 A.2d 239, 241 (1975). It was not open to the trial court, however, absent circumstances recited in V.R.C.P. 60(b), to amend the judgment. There is no clause in the divorce order allowing acceleration of payments upon failure to comply with the installment schedule; accordingly, the trial court's order providing for acceleration was an improper modification of the original property disposition, and as such, cannot stand. See *Robinson*, 130 Vt. at 561, 298 A.2d at 558.

Defendant argues next that the trial court erred by denying his request to permit substitution of property in partial payment of the monetary award in the original order. We reiterate that, with limited exceptions not relevant here, the trial court has no authority to modify property orders. See *Ruhe*, 142 Vt. at 433, 457 A.2d at 630. A change in the method of payment constitutes an improper modification. See *Robinson*, 130 Vt. at 561, 298 A.2d at 558. The trial court was correct in denying defendant's motion.

Defendant next contends that the trial court erred in denying his request that plaintiff make support payments for the two children of the marriage. We disagree.

The trial court has broad discretion in determining child support in divorce cases, and only where the trial court has exceeded its bounds is corrective action appropriate. *Andreson* v. *Andreson*, 145 Vt. 634, 635, 497 A.2d 371, 372 (1985). In this case the trial court in its final order and judgment of divorce made no provision for child support. We may assume, however, that the court did not order payments because it felt that none were necessary since defendant, the custodial parent, earned between $90,000 and $100,000 a year, and plaintiff was not employed. Failure to order plaintiff to contribute towards the support of her children is not an abuse of discretion where defendant is in a much superior

---

[1] A decree for payment of money as part of a property settlement places the parties in relation of creditor and debtor and is treated as an ordinary judgment for recovery of a debt. See *Lowell* v. *Lowell*, 138 Vt. 514, 515, 419 A.2d 321, 322 (1980).

financial situation.[2] See *vanLoon* v. *vanLoon*, 132 Vt. 236, 242, 315 A.2d 866, 870 (1974).

■ According to 15 V.S.A. § 651(e),[3] in order to modify a child support order there must be a showing of real, substantial and unanticipated change in circumstances. *Tetreault* v. *Tetreault*, 148 Vt. 448, 451, 535 A.2d 779, 781 (1987); *Ohland* v. *Ohland*, 141 Vt. 34, 38, 442 A.2d 1306, 1308 (1982); see 15 V.S.A. § 660. Defendant has not met his burden to establish the change of circumstances required for a modification of the original order. See *Sylvia* v. *Sylvia*, 146 Vt. 596, 597, 508 A.2d 708, 708 (1986).

Defendant argues that plaintiff's full employment constitutes an unanticipated and substantial change of circumstances. However, it is apparent that the trial court fully expected plaintiff to begin full-time employment within two years of the divorce order since it ordered defendant to provide rehabilitative maintenance for a two-year period in order to facilitate plaintiff's return to the workforce. We find, therefore, that the trial court properly denied defendant's motion for an award of child support. See *Andreson*, 145 Vt. at 635, 497 A.2d at 372.

■ Defendant's final argument on appeal is that the trial court erred in failing to make written findings of fact and conclusions of law with regard to its denial of his motion for substitution of property and child support and its grant of plaintiff's motion to modify. We disagree.

V.R.C.P. 52(a) provides that either party to an action may request the court to set forth in writing or on the record findings of fact and conclusions of law which constitute the basis for its decision, or the court may do so on its own initiative; however, the trial court is not required to make findings of fact and conclusions of law when none are requested. *Kaplan* v. *Kaplan*, 143 Vt. 102, 105, 463 A.2d 223, 224 (1983). Consequently, defendant's final claim of error fails.

*Affirmed in part and reversed in part.*

---

[2] This may no longer be the rule under 15 V.S.A. § 656(a), effective April 1, 1987, which provides that "[t]he total child support obligation shall be divided between the parents in proportion to their respective gross incomes."

[3] 15 V.S.A. § 651(e) was repealed by 1985, No. 180 (Adj. Sess.), § 14, eff. April 1, 1987, and has been replaced by 15 V.S.A. § 660(a).