*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-325

MARCH TERM, 2012

| | | |
|---|---|---|
| Tara (Carter) Trappaso | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Jamie Carter | } | DOCKET NO. 469-5-08 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Father appeals a decision of the superior court, family division, denying his motion to modify parental rights and responsibilities. We affirm.

The parties were married in June 2005 and divorced in December 2008. They have two children born in January 2006 and June 2007. Pursuant to the parties' agreement, the 2008 final divorce order provided that the parties would share equally legal and physical parental rights and responsibilities. In April 2011, father filed a motion to modify in which he asked the court to award him primary physical parental rights and responsibilities so that he could take the children with him when he relocated out of state for work after finishing his doctorate degree. Mother opposed the motion, and a hearing was held on July 27, 2011. Before the hearing, the parties agreed to continue to share legal parental rights and responsibilities, leaving for the court to determine with whom the children would principally reside. In an August 10 decision, the court denied father's request to allow him to relocate to Massachusetts with the children. The court stated that father's impending relocation satisfied the threshold showing of a real, substantial, and unanticipated change of circumstances because the parties would no longer be able to share equally physical parental rights and responsibilities; however, the court concluded that it was in the children's best interests for them to remain in Vermont because of their close ties to the community and their strong relationships with their extended family living there.

Father appeals, arguing that the trial court abused its discretion by not considering all of the relevant factors contained in 15 V.S.A. § 665(b), by not adequately explaining its decision, and by making erroneous findings. Upon review of the record, we find no error.

Father first argues that the trial court gave no indication in its decision that it considered each of the criteria contained in § 665(b). Father points in particular to criterion (6), "the quality of the child's relationship with the primary care provider." According to father, the evidence at the final hearing demonstrated that he had at least six percent more time with the children over the approximately three years since the parties' divorce and that mother's time was even further reduced by daycare and visits with relatives. Father contends that, without a discussion of all of the relevant criteria, it is impossible to know how the court arrived at its decision.

Before addressing these arguments, we recognize that the trial court's decision is only two pages long and does not contain separately numbered findings and conclusions. Neither party requested findings or submitted proposed findings, so the court was not compelled to produce them. See Viskup v. Viskup, 149 Vt. 89, 92 (1987) ("[T]he trial court is not required to make findings of fact and conclusions of law when none are requested."). When the court makes findings on its own initiative, however, they must still be adequate for us to determine how the court reached its decision. Maurer v. Maurer, 2005 VT 26, ¶ 12, 178 Vt. 489 (mem.).

Upon a showing of substantially changed circumstances, the family court may modify a previous order concerning parental rights and responsibilities if it is in the children's best interests. 15 V.S.A. § 668. "[T]he family court enjoys broad discretion in determining the best interests of the child in deciding a motion to modify parental rights and responsibilities." Sochin v. Sochin, 2005 VT 36, ¶ 13, 178 Vt. 535 (mem.). In making a such a determination, the court must "consider" the nine factors contained in § 665(b), but that provision "imposes no specific requirement on how this consideration is to be manifested in the court's findings and conclusions." Id. ¶ 6 (quotation omitted).

Here, the court found that: (1) both parents remained cordial, flexible, and dedicated to the well-being of their children following their divorce; (2) they have adjusted their schedules to accommodate each other's employment, vacations, and family get-togethers; (3) the children have thrived with the shared parenting custody arrangement; (4) neither parent was the primary parent, but rather they shared and cooperated in the parenting of their children; (5) both parents are loving, sensitive and capable of providing for all of their children's physical and emotional needs both presently and in the future; (6) both parents will facilitate the children's continued contact and close relationship with the other parent; (7) one of the children is allergic to dog dander, but mother, who has had a dog in her home for ten years, tries to minimize the child's contact with the dog, and the child's allergy is largely controlled by medication; (8) the children engage in many activities in their communities, including dance and sports; (9) they are close to aunts, uncles, and cousins, who live nearby; (10) they are particularly close to their maternal grandparents, who visit the children close to twice a week; (11) the maternal grandparents help transport the children to their activities, go on field trips with them, and have the children over frequently for sleepovers; and (12) the children are also are very close with their paternal grandparents, who live in Vermont and with whom they visit at least once per month.

These findings address each of the factors contained in § 665(b), albeit briefly. The bottom line is that the court found both parents to be equally capable of caring for the children, but the deciding factor for the court was the benefit of maintaining the children's relationships with family members and others in the community. The basis for the court's decision is plainly stated therein; we are not left to wonder how the court arrived at its decision. Thus, the case is distinguishable from Maurer, where we reversed and remanded a custody transfer decision because the trial court explained that one of the parents had to be responsible for decisions due to the parties' failure to communicate, but failed to explain why that parent should be the mother.

Father himself acknowledges that the trial court appears to have found most of the criteria to favor neither party. Although he asserts that there was ample evidence and testimony to permit favoring one party over another, for the most part he fails to specify how certain criteria favored him. One exception is his contention that the court should have found him to be the primary care provider because he actually spent a higher percentage of time with the children than mother did.

2

We find no merit to this argument. The final divorce order incorporated the parties' agreement that the parties share legal and physical parental rights and responsibilities equally. In his motion to modify, father stated that the parties had "followed the terms of the Final Order regarding the schedule with our children" and that during their separation and divorce they "also shared equally the physical parental rights and responsibilities of the children." Father did not contend at trial that he was the children's primary care provider, but rather argues for the first time on appeal that he was, citing his trial testimony indicating that he cared for the girls six percent of the time more than mother over the course of the previous three years since the parties' separation. Assuming this fact is true, it does not demonstrate that father was the primary care provider or that the court erred in finding that neither party was the primary care provider. Indeed, the record demonstrates that the parties followed their agreement to share equally in the care of their children.

Father also challenges the court's finding that mother tries to minimize contact between her dog and the parties' allergic child. At the same time, father acknowledges mother's testimony that she keeps the dog away from the child as much as possible and has taken other measures, such as using hypoallergenic bedding and air filters, to minimize the child's reaction. The court's finding is not clearly erroneous. See Sochin, 2005 VT 36, ¶ 4 ("We will disturb the family court's findings of fact only if, viewing the record in the light most favorable to the prevailing party and excluding the effect of modifying evidence, there is no credible evidence to support the findings." (quotation omitted)).

Father further contends that the trial court cut off testimony on the dog dander issue. In father's view, the court's finding that the child's symptoms are largely controlled by medication is "nothing short of sanctioning abuse as long as one controls the resulting symptoms." He states his belief that the presiding judge has dogs and that her emotional attachment to them colored her consideration of the issue in this case. We find no basis to disturb the court's decision. Father himself testified that the child's allergy was "generally relatively well-controlled," as the court found. Father also testified that he had never talked alone to mother about the dog or suggested that she remove the dog from her home after the parties consulted with an allergist. There is no evidence in the transcript that the situation here rises to the level of abuse or that the court was prejudiced in favor of mother on this point.

Finally, father contends that mother presented misleading testimony by informing the court that she was healthy, when in fact she was pregnant with her fourth child. The fact that mother may have been pregnant does not suggest that she was not healthy or that she misled the court by testifying she was healthy.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice