2014 VT 39

## Daniel Hament v. Laura Baker

[97 A.3d 461]

No. 13-220

Present: Reiber, C.J., Dooley, Skoglund, Robinson and Crawford, JJ.

Opinion Filed April 25, 2014

*Matthew J. Buckley*, Williston, for Plaintiff-Appellee.

*Nanci A. Smith* of *Nanci A. Smith, PLLC*, Williston, for Defendant-Appellant.

¶ 1. **Crawford, J.** The only issue in this contested divorce was which spouse should receive the family dog. Belle is an eleven-year-old German wirehaired pointer who is greatly loved by husband and wife. The parties have no minor children, and they were able to reach an agreement on the division of their property and other financial issues. They came to the final hearing for a ruling on which one of them would receive the dog in the divorce decree.

¶ 2. Prior to the hearing, counsel for the parties met with the family court to discuss the criteria the court would apply in assigning the dog to one party or the other. The court stated that the primary factor for its decision would be which spouse was most active in caring for the dog during the marriage. The court also stated that the family division would not enforce a shared visitation schedule even if the parties agreed to it.

¶ 3. During the hearing, both parties testified to their strong emotional ties to the dog and to the care that each spouse provides. Husband is a veterinarian and takes the dog to work with him. Wife spends time walking the dog in the woods near her home and is very involved in daily care of the dog.

¶ 4. At the conclusion of the hearing, the court awarded the dog to husband. It found that either party would provide the dog with a good life. It gave a slight edge to husband because the dog is accustomed to the routine of going to the clinic every day. The court balanced that factor against the dog's familiarity with the marital home, which the parties agreed wife would receive as part of the property settlement. It found that husband "treats the dog like a dog," while wife is more doting and treats the dog like a child. The court concluded that the dog would do better with husband's balanced attitude towards the animal.

¶ 5. On appeal, wife claims that the court erred in refusing to consider allocating the dog to both spouses in a joint arrangement. She argues that the finding that favored husband's attitude towards the dog was not supported by the evidence and that this finding provided an arbitrary basis for the award. She also argues that the court failed to follow its own criteria announced before trial and failed to enforce the parties' temporary agreement to share their time with the dog.

¶ 6. We affirm the family court decision on two grounds. The factors identified and considered by the court in allocating the dog were appropriate. The court was also correct in its statement that

the family division cannot enforce a visitation or shared custody order for animals.

¶ 7. ■ Section 751 of Title 15 gives the family court authority to order an equitable division of marital property after considering all relevant factors. "As we have often noted, property division is not an exact science, and the trial court has broad discretion in considering the statutory factors and fashioning an appropriate order." *Cabot v. Cabot*, 166 Vt. 485, 500, 697 A.2d 644, 654 (1997). "The court need not specify the weight given to each factor, but is required only to provide a clear statement as to what was decided and why." *Jakab v. Jakab*, 163 Vt. 575, 585, 664 A.2d 261, 267 (1995).

## I. Allocation of the Dog

¶ 8. ■ This Court has consistently ruled that pet animals are property. *Scheele v. Dustin*, 2010 VT 45, ¶ 8, 188 Vt. 36, 998 A.2d 697; see also *Goodby v. Vetpharm, Inc.*, 2009 VT 52, ¶ 7, 186 Vt. 63, 974 A.2d 1269 (holding that no tort recovery allowed for emotional damages following loss of pet). But pets are different from other property. They are alive and form emotional attachments with their owners that run in both directions. Their long and intimate association with people gives rise to special concerns for their well-being and humane treatment. See, e.g., 13 V.S.A. §§ 351-400 (prohibiting cruelty to animals); 15 V.S.A. § 1103(c)(2)(G) (permitting court to include provisions concerning the possession, care and control of family pet in fashioning domestic relief-from-abuse order); 20 V.S.A. §§ 3901-3915 (regulating sale and euthanasia of animals). In most cases, they have little or no market value, but we spend generously to feed and care for them. See *Morgan v. Kroupa*, 167 Vt. 99, 103, 702 A.2d 630, 633 (1997) (noting that value of most pets is primarily emotional rather than financial). As this case illustrates, they frequently become close companions and an important part of daily life for countless owners.

¶ 9. ■ In considering pets as a special category of property, we have previously announced common law rules to govern issues of ownership. In the case of lost pets, for example, we have held that "the finder of a lost pet [who] makes a reasonable effort to locate its owner, and responsibly cares for the animal over a reasonably extensive period of time," may acquire title which is superior to

that of the original owner. *Id.* at 104, 702 A.2d at 633. The finder of a lost ring has no such rights. See *id.* at 103, 702 A.2d at 633 (contrasting ordinary lost property rules with rules for lost pets). *Morgan* recognized the emotional value of a dog — both to the loser and to the finder — as well as the value our society places on the humane treatment of animals. *Id.* The dog in that case remained "property," but his disposition was governed by concerns for animal welfare. *Id.* at 104-05, 702 A.2d at 634.

¶ 10. ■ The treatment of pets under the divorce statute presents a similar problem. We hold first that the allocation of a pet in a divorce is subject to 15 V.S.A. § 751. In contrast to a child, a pet is not subject to a custody award following a determination of its best interests. Because a pet is property, the family division must assign it to one party or the other. Like other aspects of the property division, the assignment is final and generally not subject to modification. See *Viskup v. Viskup*, 149 Vt. 89, 90, 539 A.2d 554, 555-56 (1987) (stating that property division order is final and not modifiable in most cases).

¶ 11. ■ Few of the statutory factors which appear in § 751(b) apply to the equitable distribution of a pet. These factors relate primarily to property as a source of income and material advantage. 15 V.S.A. § 751(b). The tenth statutory factor — "the party through whom the property was acquired" — could apply in the case of a pet obtained by one spouse alone, but the evidence in this case is that Belle was placed with both husband and wife through a pet adoption process. 15 V.S.A. § 751(b)(10).

¶ 12. ■ The family division is not limited to considering the factors enumerated in § 751(b). See 15 V.S.A. § 751(b) ("In making a property settlement the court may consider all relevant factors, including [the statutory criteria]."). The statute permits the consideration of additional relevant factors.

¶ 13. ■ ■ In the case of pets, we hold that the family division may consider other factors not set out in the statute: the welfare of the animal and the emotional connection between the animal and each spouse. These factors underlie our animal welfare laws and our case law, which recognizes the value of the bond between the animal and its owner. See *Morgan*, 167 Vt. at 103, 702 A.2d at 633 ("Like most pets, [a dog's] worth is not primarily financial, but emotional; its value derives from the animal's *relationship*

with its human companions."). Evidence concerning welfare of the animal includes evidence about its daily routine, comfort, and care. Evidence concerning the emotional connection may include testimony about the role of the animal in the lives of the spouses.

¶ 14. In this case, the parties were afforded an opportunity to put on evidence regarding both factors without restriction. Despite the family court's statement prior to trial that it was primarily concerned about which spouse provided the most care for the animal, the testimony included a full account of the important role that the dog plays in the lives of both spouses. Facts concerning Belle's welfare and her emotional connection with husband and wife were fully developed through the testimony of the parties and others. The testimony included a detailed description of Belle's typical day and of her veterinary needs, now and in the future. Husband and wife were both candid in their description of the dog's role in assuaging the loneliness and dislocation each has experienced during the divorce. The judge acknowledged her devotion to her own dog and showed an ability to understand the importance of Belle to both parties.

¶ 15. ▮ The court's oral decision primarily reflected its concern for the welfare of the animal. The court found in favor of husband on the basis of evidence that Belle's long-standing routine includes spending most days of the week at the veterinarian clinic where she has the run of the place. The court considered the emotional connection between the dog and its owners and concluded that husband showed the right "balance" while wife treated the dog like a child.

¶ 16. ▮ The court clearly understood that both parties had a strong emotional connection with the dog. The judge noted, for example, that she thought that "you both obviously adore this dog" and "you both do everything for [Belle]." Since the record was undisputed that both parties were extremely attached to the dog, it would have been difficult to determine which spouse had the stronger connection. While the family court could consider both welfare and emotional ties in awarding the dog to one of the parties, it had discretion to decide what weight to give to these factors. *Wade v. Wade*, 2005 VT 72, ¶ 13, 178 Vt. 189, 878 A.2d 303.

¶ 17. ▮ The family court recognized how much the dog means to both parties. It is clear that her primary concern was the treatment of the dog. This was an appropriate factor upon which

to base the decision. The court's specific findings about Belle and her owners are supported by the evidence. The factors the court considered — the dog's welfare and its emotional relationship with the parties — are the same factors that we recognize today as appropriate for the resolution of similar questions in the future. Accordingly, we affirm the court's decision to assign ownership of the dog to husband.

## II. Enforcement of Visitation Orders

¶ 18. It is not uncommon for divorcing couples to share time with their pets voluntarily. In this case, prior to the final hearing, the parties followed a detailed temporary schedule. Husband may decide to permit wife to spend time with Belle in the future.

¶ 19. ■■■ We disagree, however, with wife's contention that the court had authority to impose an enforceable visitation order for the dog. An order of property division is final and not subject to modification. *Viskup*, 149 Vt. at 90, 539 A.2d at 555-56. In contrast to enforcement of other kinds of property division orders, enforcement of an order requiring ongoing sharing of a family companion animal would require the power of modification, since the animal's well-being in the context of changing circumstances could be a substantial factor in the analysis. Unlike child custody matters, there is no legislative authority for the court to play a continuing role in the supervision of the parties with respect to the care and sharing of a companion animal. Divorce has few concrete advantages for the parties, but one of the greatest is that they are no longer compelled to be in contact over the care and use of their property or the way they spend their time.* Accordingly, we agree with the court below that even if submitted by stipulation, an agreement to share custody of the family dog or other pet would be unenforceable in the family division.

*Affirmed.*

___

* We express no opinion as to whether a private agreement to share time with a dog could be the subject of a civil lawsuit. The enforcement of such agreements falls outside of the jurisdiction of the family division over the distribution of marital property and is not presented in this case.