*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2016-154

NOVEMBER TERM, 2016

| | | |
|---|---|---|
| Katherine Roberts | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Lamoille Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Mark Roberts | } | DOCKET NO. 132-7-14 Ledm |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Wife appeals from a divorce judgment of the superior court, family division. She contends the court: (1) failed to properly settle and allocate the marital debts; (2) erred in awarding certain real property to wife; and (3) abused its discretion in awarding husband attorney's fees. We affirm.

The facts may be summarized as follows. The parties began their relationship in 1978, were married in Rhode Island in 1986, and relocated to Vermont 1992, purchasing their marital home in Hyde Park in 1993. The parties raised their children, who are now grown, in the Hyde Park home, which they still own. Both parties were fifty-five years old at the time of the final divorce hearing.

When the children were still young, wife began working in Rhode Island for several entities owned by her family, returning each week to Vermont for several days. Husband was the primary care provider for the children and worked at a series of relatively low-paying jobs. Since 2014, he has worked for the Vermont Department of Motor Vehicles.

In 2014, wife learned that husband had been involved in a series of extra-marital affairs for a number of years, which precipitated the parties' separation. Wife relocated to an apartment in Rhode Island owned by her father, where she resides with an adult daughter. Husband left the Hyde Park residence and lives with another woman.

The court found that the Hyde Park residence has a fair market value of $120,000 and a mortgage debt of $138,000 and thus has no apparent equity. The parties also own a camp property that they purchased with money borrowed from wife's family, secured by a note. The court found that there was nominal or no equity in the camp, although it observed that a discharge of the note held by wife's family could result in some equity.

The court noted that the circumstances of both properties and other marital debts was complicated by wife's Chapter 13 bankruptcy plan, which lists both properties as assets for which wife was making monthly payments. Other debts that she was paying off under the Chapter 13 plan included federal and Rhode Island income tax debt incurred during the marriage and vehicle

payments. The court found that the total amount payable under the 60-month bankruptcy plan was about $73,000. Both parties also have individual debt on college loans taken for their adult children, which is not dischargeable in bankruptcy; husband's loan balance was about $45,000 and wife's was about $104,000.

The parties' assets are not substantial. They include an older pickup truck and trailer and several other vehicles, tools used by husband, small retirement accounts, and social security benefits when the parties become eligible. Husband's net monthly income was about $2056, and his reported expenses were about $2800; wife's net income after expenses and the bankruptcy payment was about $3648.

The court noted that wife waived any claim for maintenance and husband preferred an award of property in lieu of maintenance. Observing that both the residence and camp were part of the bankruptcy plan proposed by wife and that wife's family held a note on the camp, the court determined that it was reasonable to award both properties to wife. Among the factors that the court expressly considered were husband's infidelity, which militated against any substantial award to him of the marital assets (of which there were few) balanced against his much lower income, much less favorable employment prospects, and much lower anticipated social security benefits, as well as wife's potential financial benefit from her father's estate and the potential to realize some equity from the camp.

The court found that value of the assets awarded to husband, which included the tools, pickup truck and trailer, a second vehicle, and his retirement accounts, totaled $33,000. Those awarded to wife, which included the marital home and camp, jewelry, a vehicle, and her retirement accounts, totaled about $15,000. The debts assigned to wife included the balance on the college loan obligation and her credit card account, which totaled about $132,000. The debts to husband were the balance on his student loan obligation and credit card, which totaled about $55,000. The court denied wife's subsequent motion to alter or amend the judgment. This appeal by wife followed.

Wife challenges several aspects of the court's property division. Our review is deferential. "Trial courts have wide discretion in the disposition of property upon divorce." Roberts v. Roberts, 146 Vt. 498, 499 (1986). The division of property "is not an exact science and does not always lend itself to a precise mathematical formula; all that is required is that such distribution be equitable." Victor v. Victor, 142 Vt. 126, 130 (1982). We will not disturb the court's property disposition absent a showing that its discretion was abused, withheld, or exercised on clearly untenable grounds. Roberts, 146 Vt. at 499.

Assessed in light of these standards, we find no basis to disturb the judgment. Wife contends the trial court failed to address or fairly allocate her payment obligation under the bankruptcy plan. The record shows, however, that the court specifically awarded the principal assets and corollary obligations covered under the bankruptcy plan—the marital home and camp, the tax debt, and car payment —to wife, and explained its reasons for doing so, given wife's development of the bankruptcy plan and her superior financial situation. Moreover, in denying wife's motion to amend the judgment, the court specifically rejected this claim, explaining that it had considered all of the parties' debts that were covered under the plan. Accordingly, we find no error.

Wife also contends the court's reasons for the distribution were "flawed" in a number of specific respects. She claims the court erred in finding that husband's employment situation was

less favorable than wife's, but the evidence of the parties' disparate earnings over many years supported the finding. She asserts the court "failed to acknowledge" the amount of debt that could not be discharged in bankruptcy, particularly the student loans, but the record shows the court was specifically aware of this liability and the fact that it could not be discharged. She contends the court's consideration of the potential benefit from her father's estate was unduly speculative, but such potential benefits may be considered by a court in determining a party's opportunity for acquisition of future assets and income, so long as there is competent evidence of the value of the potential benefits, and the evidence here was sufficient to support the court's consideration. See 15 V.S.A. § 751(b)(8)(A); Billings v. Billings, 2011 VT 116, ¶ 23, 190 Vt. 487.

In addition, wife contends the court "fail[ed] to take into account" the fact that she would need to replace the health insurance coverage that she had been receiving under husband's employment with the State, but the court specifically recognized that this benefit would end ninety days after the judgment. Relying on her testimony that the disparity in the amount of each party's student loan obligation was "half premised" on who filled out the paperwork, wife contends the court erred in finding that it was based in part on their disparate incomes. The court could reasonably find, however, that it was wife who controlled and determined the amount of each party's obligation, and the court could also reasonably infer that the amount of their respective loans was based in part on their ability to pay.

Wife also contends the court's finding that she may realize some equity from the camp was unduly speculative, but the court could reasonably infer that the unsecured debt on the camp would ultimately be discharged and that wife would eventually benefit from the remaining equity. Finally, wife suggests that the court abused its discretion in awarding her the home and camp because she currently lives and works in Rhode Island. The court acknowledged the potential inconvenience for wife but found, as noted, that other factors supported the award. We find no abuse of discretion.

Lastly, wife contends the court erred in awarding husband $525 in attorney's fees incurred in responding to the motion to alter or amend the judgment. Husband sought $1500, and the court found that some reimbursement to husband was fair in light of the parties' disparate incomes and the motion's lack of merit. A trial court's decision to award attorney's fees in this context "is an equitable one" and lies within the court's sound discretion. Willey v. Willey, 2006 VT 106, ¶ 26, 180 Vt. 421. Wife has not shown that the award in this case was an abuse of discretion. Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3