# Elizabeth Osborn v. David Dodge Osborn

[519 A.2d 1161]

No. 84-113

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed November 14, 1986

*Carl H. Lisman, Mary G. Kirkpatrick*, and *Michael Marks* of *Lisman & Lisman*, Burlington, for Plaintiff-Appellant.

*Trine Bech* and *Frank H. Olmstead* of *Brownell & Moeser*, Norwich, for Defendant-Appellee.

**Allen, C.J.** Plaintiff appeals the property settlement, maintenance award and child support order in the parties' divorce decree. The property settlement and maintenance award are vacated and remanded; the judgment is otherwise affirmed.

Plaintiff first contends that the court erred in failing to consider the defendant's inheritance when dividing the marital property. Defendant was a legatee of his mother's estate, which was in probate but had yet to be distributed at the time of the divorce proceeding. Defendant contends that plaintiff never asked the trial court to distribute the inheritance or consider it when dividing the marital property, and therefore did not preserve her claim on appeal.

The plaintiff in her testimony specifically asked for fifty percent of the value of her husband's inheritance, and in her proposed findings of fact asked to have the inheritance considered in the formulation of an appropriate property settlement. Under 15 V.S.A. § 751 the trial court was required to settle the rights of the parties to all of their property, and in so doing to consider the value of the property interests of each party, including the defendant's share of the undistributed inheritance.

Defendant asserts that the plaintiff waived this claim of error by failing to include the claim in her motion to alter the judgment filed pursuant to V.R.C.P. 59(e). A Rule 59(e) motion, however, is not a prerequisite to appeal. Rule 59(e) codified the trial court's inherent power to open and correct, modify or vacate its judgments. *West* v. *West*, 131 Vt. 621, 623, 312 A.2d 920, 921 (1973). A motion under Rule 59(e) suspends the finality of the judgment, and allows the trial court to revise its initial judgment if necessary "to relieve a party against the unjust operation of a record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." *Haven* v. *Ward Estate*, 118 Vt. 499, 502, 114 A.2d 413, 415 (1955). The motion provides a party with an opportunity to take advantage of the court's power to correct a judgment in order to avoid an appeal and its attendant delay. See *Gosselin* v. *Better Homes, Inc.*, 256 A.2d 629, 633-34 (Me. 1969). As the trial court had been apprised of plaintiff's position with respect to the inheritance, the claim of error was preserved for review. V.R.A.P. 3(a).

■ Whether a party's share of an undistributed estate may be considered as property under 15 V.S.A. § 751 is a question of first impression in Vermont. In *Wood* v. *Wood*, 143 Vt. 113, 117, 465 A.2d 250, 252 (1983), this Court held that a court could consider an obligor spouse's entitlement to an undistributed inheritance when determining an alimony award under 15 V.S.A. § 752. It follows that a court may consider an undistributed inheritance among the total economic circumstances of both parties under 15 V.S.A. § 751. See *Lawlor* v. *Lawlor*, 123 N.H. 163, 166, 459 A.2d 238, 240-41 (1983); *In re Marriage of Conley*, 284 N.W.2d 220, 222 (Iowa 1979). That the inheritance was not distributed should not have been an impediment, for "[a] number of creative alternatives are available to effect an equitable division of property." *Hendrick* v. *Hendrick*, 142 Vt. 357, 361, 454 A.2d 1251, 1253 (1982). Plaintiff is thus correct in her assertion that the court should have considered defendant's undistributed share of his mother's estate when dividing the parties' property, pursuant to 15 V.S.A. § 751.

It cannot be determined from either the court's finding* or the record with regard to the estate, however, whether the court failed to consider defendant's inheritance in dividing the property, as plaintiff further asserts. The court found that the defendant was one of two beneficiaries of an estate valued in excess of $500,000, yet made no finding about defendant's assertion that the estate would be left without liquid assets once probate was completed, other than to find that the estate was "in the process of being probated." There were no findings with respect to the status of the probate proceedings, or of whether the defendant would receive anything once the proceedings were completed. Moreover, the inheritance is not mentioned in either the court's conclusions of law or its order disposing of the property, even though defendant's share of the estate was potentially the largest single asset of either party. Because of the insufficiency of the findings and the sparseness of the record, the matter must be remanded for more complete findings with regard to the value of the defendant's share of the estate, and the prospects for its dis-

---

\* With respect to the estate, the court found that
    [defendant's] mother recently died and her estate, which is valued in excess
    of one half million dollars, is in the process of being probated. The defend-
    ant and his brother are the principal beneficiaries of their mother's estate.

tribution. *Andreson* v. *Andreson*, 145 Vt. 634, 636, 497 A.2d 371, 372-73 (1985).

■ Plaintiff next challenges the sufficiency of the maintenance award. The property distribution must be considered by the court when establishing the award of maintenance. 15 V.S.A. §§ 752(a)(1) and (b)(1). A change in the property settlement therefore "necessarily requires a re-examination of the award of maintenance." *Schubert* v. *Schubert*, 66 Ill. App. 3d 29, 31, 383 N.E.2d 266, 268 (1978) (interpreting Ill. Rev. Stat. ch. 40, § 504(b)(1) (1977), which is virtually identical to 15 V.S.A. § 752(b)(1)); *Parsons* v. *Parsons*, 101 A.D.2d 1017, 1018, 476 N.Y.S.2d 708, 709 (1984). Because the property settlement in this case is vacated and remanded, the maintenance award must also be vacated to allow the trial court on remand to determine whether the change in the property settlement, if any, requires a revision of the maintenance award.

Plaintiff contends finally that the court erred in ordering child support payments for one of the minor children to continue until her graduation from high school, rather than until she turned eighteen. Plaintiff argues that the court erred in finding that defendant had agreed to pay support only until graduation, rather than until the later date of either her eighteenth birthday or her graduation, as set forth in the proposed final stipulation. The stipulation was not incorporated into the court's order, and defendant's testimony indicated only a willingness to pay the amount set forth in the stipulation. Furthermore, in that portion of the transcript referred to by the plaintiff, defendant stated only that he was willing to pay support for the minor child until she graduated from high school. The court's finding was not in error.

■ Plaintiff also contends that once ordered under 15 V.S.A. § 651(d), support must continue until the later date of the child's eighteenth birthday or the termination of secondary education. This statutory provision is discretionary in nature, however, for it provides that the court "may" order continued support until the later date. The court was not required by statute to order that the support payments be continued until the child's eighteenth birthday.

*The child support award is affirmed; the property division and maintenance awards are vacated and remanded.*