**Marsha Miner Lynch v. Joseph Benedict Lynch**

[522 A.2d 234]

No. 85-008

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 9, 1987

*Corsones & Hansen*, Rutland, for Plaintiff-Appellee.

*Joseph B. Lynch*, pro se, West Rutland, Defendant-Appellant.

**Per Curiam.** Defendant raises several claims of error from a divorce decree. The judgment is affirmed.

Defendant maintains that the court did not address his demand to modify temporary child support payments. In the court's temporary order of May 18, 1984, defendant was ordered to pay child support in the amount of $20.00 per week per child. At the final hearing, the court inquired about defendant's ability to comply with the temporary order. The final judgment includes an order that defendant pay $10.00, as opposed to the earlier $20.00, per week per child. Defendant's argument is thus not persuasive since the record indicates that defendant's motion was addressed and resolved. The order of support of $10.00 per week per child is not unreasonable, and, based on the evidence, is not out of the reach of the defendant. See *Wetmore* v. *Wetmore*, 129 Vt. 583, 585, 285 A.2d 711, 713 (1971).

Defendant's next claim of error concerns the award of maintenance and disposition of the marital property. The record clearly supports the findings and order and no abuse of discretion is revealed. These matters are subject to the trial court's discretion and will not be set aside absent a demonstration of abuse of that discretion. *Wood* v. *Wood*, 143 Vt. 113, 117, 465 A.2d 250, 252 (1983); *Ruhe* v. *Ruhe*, 142 Vt. 429, 432, 457 A.2d 628, 630 (1983).

Defendant's final assertion is that the court erred in disturbing a trust[1] involving the marital residence. In the court's temporary order, defendant was awarded exclusive use of the residence which was the sole asset of the trust. In its final order, the court considered the residence, and the land surrounding the residence, as an asset subject to equitable distribution. Plaintiff and defendant were ordered by the court to terminate the trust. The residence was decreed to defendant.

Whether or not property in a trust is marital property and subject to equitable distribution, where one spouse is grantor[2] and has expressly reserved a power of revocation, is an issue not previously reviewed in this Court. Jurisdictions differ in their determinations of whether a particular trust is subject to equitable distribution upon divorce. See *Davidson* v. *Davidson,* 19 Mass. App. 364, 372 n.11, 474 N.E.2d 1137, 1144 n.11 (1985) (survey of treatment of trusts in several jurisdictions).

Under 15 V.S.A. § 751(a) *"[a]ll property owned* by either or both of the parties, however and whenever acquired, shall be subject to the jurisdiction of the court. Title to the property . . . shall be immaterial . . . ." (emphasis added). This Court has held on many occasions that the division of property in divorce proceedings is a matter of wide discretion. *Atwood* v. *Atwood,* 143 Vt. 298, 300, 465 A.2d 1354, 1355 (1983); *Emmons* v. *Emmons,* 141 Vt. 508, 510-11, 450 A.2d 1113, 1115 (1982). Further, this Court has held that it does not matter whether the property is held separately, jointly, or as tenants by the entirety; all property owned by either of the spouses is subject to distribution. *LaFarr* v. *LaFarr,* 132 Vt. 191, 193, 315 A.2d 235, 236 (1974). The trial court has power to distribute the marital assets in whatever manner it finds just and equitable. *Condosta* v. *Condosta,* 142 Vt. 117, 123, 453 A.2d 1128, 1130 (1982).

---

[1] The trust instrument was executed August 25, 1977. The trust property was the marital residence; defendant was the grantor; plaintiff was the trustee; defendant's four children from a prior marriage were beneficiaries of the trust. Plaintiff was to manage the property subject to defendant's use and enjoyment. Upon defendant's death, use and enjoyment was to pass to plaintiff; after plaintiff's death, the trust would terminate and the property was to pass to defendant's four children. The defendant expressly retained power to alter, amend or revoke the trust, at any time.

[2] The issue of a spouse as beneficiary, and whether or not a beneficial interest is subject to equitable distribution, is not before the court today. The appellant's interest in the present trust is as grantor, not as beneficiary.

If the trust property is "owned" within the meaning of 15 V.S.A. § 751 the trial court may in its equitable discretion order the trust revoked and consider the trust property as marital property subject to equitable distribution. See *Salvio* v. *Salvio,* 186 Conn. 311, 323, 441 A.2d 190, 197 (1982) (in absence of any unequivocal act rendering savings account trusts irrevocable, or otherwise transferring ownership rights to beneficiaries, trusts subject to division as marital property upon divorce; trial court properly ordered that funds be divided); *Carrison* v. *Carrison,* 486 So. 2d 1363, 1367 (Fla. Dist. Ct. App. 1986) (trial court's order to husband to amend revocable trust created by husband affirmed as attempt to equitably distribute marital assets).

As a general rule, the terms of a trust are fixed by the instrument itself and the trust will not terminate prior to the expiration of the time fixed therein. If however, as in the present case, the grantor retains a power of revocation, the grantor may terminate it at any time in the manner and to the extent to which he has reserved the power of revocation. See generally IV A. Scott, Scott on Trusts § 329A (3d ed. 1967).

We hold that the power of revocation is tantamount to ownership of the trust property and of such a nature that it is subject to order of the court. 15 V.S.A. § 751. To permit otherwise would be to remove from the court's consideration all property placed in revocable trusts, with the deleterious effect of allowing spouses to harbor marital assets while maintaining control through a power of revocation. 15 V.S.A. § 751 clearly encompasses "all property," and such a result is not permissible under the statute.

We therefore hold that property in a trust created by a spouse who retains a power of revocation is marital property subject to equitable distribution. No abuse of discretion by the trial judge has been demonstrated in the present proceeding, *Baird* v. *Baird,* 142 Vt. 115, 116, 454 A.2d 1229, 1229 (1982); *Colm* v. *Colm,* 137 Vt. 487, 491, 407 A.2d 184, 187 (1979), and the property distribution must stand.

*Affirmed.*