```
                    Environmental Court of Vermont
                           State of Vermont
```

==============================================================================
                   E N T R Y   R E G A R D I N G   M O T I O N
==============================================================================

In re Gerlach Area Parking Permit          Docket No. 31-2-09 Vtec

      (Appeal of Desch, et al)

Title:      Motion to Alter

Filed:      January 6, 2010

Filed By: Stephen A. Reynes & Jesse L. Moorman, Attorneys for Appellants
        Daniel Desch, Christopher Hancock, & Christopher Rohan

Response filed on 01/12/10 by Appellee/Applicants Ralph & Sharon Gerlach


_____ Granted          __X__ Denied         _____ Other

      Appellants seek by their current motion to have the Court alter its December 21, 2009 Decision on Appellant's Motion for Partial Summary Judgment ("Decision"). Appellants claim that the Court erred in its determination that two specific issues raised by the Appellants should not be summarily dismissed.[1] Appellants claim that the Decision should reflect, as a matter of law, that the Appellees' permit application does not comply with the screening requirements or the pedestrian facility and circulation requirements of the Montpelier Zoning and Subdivision Regulations ("Regulations"). We begin our analysis with a review of the standards under V.R.C.P. 59(e) regarding motions to alter.

      A motion to reconsider or alter gives the court an opportunity to "revise its initial judgment if necessary 'to relieve a party against the unjust operation of a record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party.'" Osborn v. Osborn, 147 Vt. 432, 433 (1986) (quoting Haven v. Ward Real Estate, 118 Vt. 499, 502 (1955)). In order to establish the necessity of revision, the moving party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." Northern Sec. Ins. Co. v. Mitec Electronics, Ltd., 2008 VT 96, ¶ 44, 184 Vt. 303, 321 (2008) (quoting FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986).

      Conversely, a Rule 59(e) motion should not be used to "raise arguments or present evidence that could have been raised prior to entry of the judgment." Northern Sec. Ins. Co., 2008 VT 96, ¶ 44, 184 Vt. at 320 (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 2810.1, at 127–28 (2d ed. 1995)).

      A motion to alter should also not be used to "relitigate old matters." Appeal of Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.). Additionally, disagreement between the moving parties and the court is not grounds for reconsideration. In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.). In practice, "because of the narrow purposes for which

---

[1] These issues were raised in Questions 1 and 15 of Appellants' Amended Statement of Questions.

they are intended, Rule 59(e) motions typically are denied." <u>Appeal of Van Nostrand</u>, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4.

Appellants' Motion to Alter focuses on two issues. First, Appellants claim that the undisputed facts reflect, as a matter of law, that the Appellees' proposed vegetation screening is insufficient to satisfy Regulations § 707.C. In support, Appellants claim that the Court erred in its analysis of the sufficiency of the vegetation screening by failing to address Regulations §§ 708.E and 708.F.

Regulations §§ 708.E and 708.F provide suggested methods for screening and buffering "parking areas." <u>Id</u>. These methods for implementing screening and buffering are not mandatory; they are prospective ideas that the DRB (and this Court on appeal) "may," or may not, require an applicant to implement. <u>Id</u>. Whether the methods used by a permit applicant provide sufficient screening under Regulations §707.C is a question that is specific to the facts surrounding each permit application. Whether this Court should exercise the discretion afforded by Regulations §§ 708.E and 708.F and require further screening of the proposed parking area is a factual determination that we have concluded must be left to the <u>de novo</u> trial

Since our first Decision addressed a pre-trial motion for summary judgment, we viewed the material facts in a light most favorable to the non-moving party, who in this instance are Appellee/Applicants. See <u>Madkour v. Zoltak</u>, 181 Vt. 347, 351, 924 A.2d 11, 14 (2007). We also note that, at this time, this Court has a limited perspective in comparison to that of the parties, since the Court is not yet familiar with the neighborhood and property at issue. With this limited perspective, and in an effort to view the facts in the proper light, we again conclude that it is improper to render a summary conclusion that Applicants' proposed site plan provides inadequate screening for this five-space parking area. Our current conclusion does not mean that at trial, judgment for Appellee/Applicants is a foregone conclusion. Rather, we are simply concluding at this time that the regulatory language does not support a summary dismissal of the pending application.

Appellants' Motion to Alter appears to rest on the same arguments presented in their prior Motion for Partial Summary Judgment: that Regulations § 707.C contains mandatory language that requires a summary ruling that Appellee/Applicants' proposed screening is insufficient as a matter of law. We continue to disagree. More important to our analysis here, a motion to alter is not an avenue to relitigate the previously-addressed issues. See <u>Appeal of Van Nostrand</u>, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4. Although Appellants claim that the Court erred by failing to address Regulations §§ 708.E and 708.F, when viewed more closely, the Appellants' claim is more accurately characterized as a disagreement with the Court's analysis that the Regulations do not contain the mandatory directive that Appellants suggest. To be successful, a motion to alter must serve a purpose greater than expressing disagreement with a court's prior decision. See <u>In re Boutin PRD Amendment</u>, No. 93-4-06 Vtec, slip op. at 2. Appellants' motion to alter fails in this regard. Only after the benefit of receiving evidence at trial, including that which will be put into context by a site visit, can the Court make a determination of what amount of additional screening for these five parking spaces "may" be appropriate under the Regulations.

Second, Appellants claim that the Court relied on mistaken, or "mischaracterized," factual information when making its decision regarding pedestrian facilities and pedestrian circulation under Regulations § 703.A.

Appellants claim that their argument has been mischaracterized as relating to "an increase in pedestrian traffic" rather than the pedestrian traffic that will specifically result from the Appellees' proposed parking lot. The individual pedestrian traffic and the overall increase in pedestrian traffic are inter-related issues under Regulations § 703.C(2), which provides that "pedestrian facilities shall be required whenever necessary to serve existing or projected pedestrian traffic." Id. Following the Regulations, the Court is required to consider at trial both the existing and projected pedestrian traffic for this project and what facilities may be required for each.

Appellants have failed to identify any manifest errors of fact or law upon which the prior Decision was based. In the absence of some manifest error of fact or law being identified, a motion to alter must fail. See Northern Sec. Ins. Co., 2008 VT 96, ¶ 44, 184 Vt. at 321.

As to pedestrian traffic, the Court conducted its prior analysis by viewing this issue in a light most favorable to Appellees. In so doing, and solely for purposes of considering Appellants' pre-trial motion, the Court determined that a genuine dispute remained on the material fact of whether the additional five-parking spaces would generate or increase pedestrian traffic and whether additional pedestrian facilities would be necessary. We concluded then, and now, that this is a disputed factual issue that may only be resolved through trial.

Prior to granting Appellants' summary judgment request, we must arrive at an unwavering conclusion that no material facts are in dispute and that the applicable law requires an entry of judgment. We perceive a dispute as to the material facts, and we do not view the applicable law as requiring an entry of judgment at this time. Thus, an evidentiary merits hearing is necessary, at which all parties will be afforded an opportunity to present their relevant, admissible evidence.

For all these reasons, we conclude that Appellants' Motion to Alter should be DENIED.

This matter remains scheduled for a final pre-trial telephone conference on Monday, June 28, 2010 at 9:00 AM and a merits hearing on July 21–22, 2010, at the Vermont Environmental Courthouse, commencing on both days at 9:00 AM, unless otherwise directed by the Court.

We request that the parties confer and attempt to agree upon the best date and time for the Court to conduct a site visit with the parties. The Court suggests that the site visit could occur at 8:30 AM on July 21, 2010.


_____                    __February 18, 2010__
        Thomas S. Durkin, Judge                                  Date
======================================================================
Date copies sent to: _____           Clerk's Initials _____
Copies sent to:
Attorneys Stephen A. Reynes and Jesse L. Moorman for Appellants Daniel Desch, Christopher Hancock, and Christopher Rohan
Attorney James A. Caffry for Appellee/Applicants Ralph and Sharon Gerlach
Attorney Amanda Lafferty for the City of Montpelier
Kenneth Randall, Interested Person