VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-211

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2023

Elizabeth Battis v. Nelson Battis\* 　　　　} 　APPEALED FROM:
　　　　　　　　　　　　　　　　　　　　 } 　Superior Court, Bennington Unit,
　　　　　　　　　　　　　　　　　　　　 } 　Family Division
　　　　　　　　　　　　　　　　　　　　 } 　CASE NO. 22-DM-02115
　　　　　　　　　　　　　　　　　　　　　　Trial Judge: Howard A. Kalfus

In the above-entitled cause, the Clerk will enter:

Husband appeals from the trial court's division of the marital estate in its final divorce order.[\*]  We affirm.

The trial court found as follows.  The parties are both in their late fifties, in relatively good health, and gainfully employed.  They met and married in 2021 and separated less than nine months later.  When the parties met, wife owned a home in Massachusetts and husband owned a home in Vermont.  Wife made significant improvements to her home; husband assisted with some of these improvements.  The parties decided to sell wife's home and renovate husband's home, which became the marital residence.  Wife's home sold for approximately $142,000.  Wife gave $10,000 of this money to her adult daughter, and the parties spent approximately $100,000 of the funds on living expenses and renovations to the marital home.  Both parties benefited from the $100,000 in expenditures.  At the time of the final divorce hearing, $30,000 of the sale proceeds remained.

The marital home was assessed for tax purposes at $122,900; a professional appraiser valued the home at $148,000.  According to the court, the appraiser opined that the parties' improvements added $8,000 in value, which the court found resulted in a total value of $156,000.  There was no mortgage on the home.

Based on these and other findings, the court considered the statutory factors set forth in 15 V.S.A. § 751(b).  It found that the parties had a short-term marriage.  Both were in good health and could support themselves financially.  They had divided most of their personal property.  The court found it fair to equally divide the remaining sale funds as well as the equity in the marital home.  This resulted in an award of $93,000 each, minus minor setoffs.  As wife

---

[\*]  We note that, during the pendency of this appeal, this case was remanded to the trial court to consider a post-judgment request by wife.  The trial court denied wife's request in late November 2023, and jurisdiction over the case has been returned to this Court.

held the equity from the sale of her home, the court ordered husband to pay wife $63,607 by October 1, 2023, representing her share of the marital property. If husband could not make this payment, he was ordered to list the marital home for sale. The sale proceeds then would be divided equally between the parties, except that wife would pay husband $14,393, representing one-half of the remaining profits from the sale of her home and other reimbursements. Husband moved for reconsideration, which the court denied. This appeal followed.

Husband argues that the court erred in valuing the marital home at $156,000. He maintains that there was no basis for the court to add $8000 to the appraised value as the property was appraised in December 2022 at $148,000 with the improvements. He contends that the court should have accepted his testimony that the home was valued at $120,000 in 2020 and that the improvements increased the value of the home by $28,000, which represented the difference between the 2020 and 2022 values. Husband adds that he spent time and money on improvements to the home before the marriage, which should have been credited to him. Husband further asserts that the court unfairly awarded wife the expenses she incurred during the marriage as well as half of the equity in the home, effectively compensating her twice for the money spent on renovating the marital home. He also complains that wife will receive a windfall if he is forced to sell the marital home and provide her with half of the sale proceeds. Finally, husband argues that the court erred in ordering him to pay approximately $2500 to wife for a portion of her attorney's fees, insurance deductible, and oil costs because the court had already refunded wife this money in its property division.

The trial court has broad discretion in dividing the marital property, and we will uphold its decision unless its discretion was abused, withheld, or exercised on clearly untenable grounds. Chilkott v. Chilkott, 158 Vt. 193, 198 (1992). If, as in this case, "the court makes findings on its own initiative, . . . the findings must meet the test of adequacy upon review." Maurer v. Maurer, 2005 VT 26, ¶ 12, 178 Vt. 489; see also Mayer v. Mayer, 144 Vt. 214, 216-17 (1984) (so holding and recognizing that "[a] major purpose of findings is to enable this Court, on appeal, to determine how the trial court's decision was reached" and thus, "facts essential to the disposition of the case must be stated"). The court's findings will stand unless, taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, there is no credible evidence in the record to support them. Semprebon v. Semprebon, 157 Vt. 209, 214 (1991). We recognize that the distribution of property is not an exact science and, therefore, all that is required is that the distribution be equitable. Lalumiere v. Lalumiere, 149 Vt. 469, 471 (1988).

We conclude there was no error here. In reaching its decision, the court was not obligated to accept husband's valuation of the marital home as of 2020. Nor was it obligated to accept the appraiser's assessment. Wife testified to various improvements to the marital home that were funded with the sale proceeds from her Massachusetts home. Husband agreed that wife spent $17,000 from these funds on the Vermont home. He believed that the equity in the home increased by approximately $8500 as a result. The appraiser testified that home improvements generally increased the value of a home by about fifty cents on the dollar. The appraiser considered certain improvements, such as a new electrical panel, not to have increased the value of the home. The court acted within its discretion in concluding that the money that the parties put into improving the home warranted an increase in the home's value beyond that accounted for by the appraiser. Its finding is supported by the record. See Smith v. Lentini, 125 Vt. 526, 528 (1966) (explaining that "evidence considered as a whole must be read in support of the findings, if reasonably possible," and "weight of the evidence, the credibility of the witnesses and the persuasive effect of the testimony lies solely with the trier of facts").

2

The court similarly acted within its discretion in equally dividing the remaining proceeds from the sale of wife's home and the equity that exists in the marital home. The same result obtains if the marital home is sold and the funds evenly distributed. The court was not required to provide a precise accounting for funds expended by the parties during the marriage in reaching this conclusion. It did not reimburse wife for her list of expenses, as husband asserts, nor did it reimburse wife twice for the $2500 payment referenced above. Instead, the court reasoned that because wife sold her home and most of the proceeds from the sale benefitted the parties and increased the value of the marital home, it was fair that wife receive half of the equity in the marital home, whether by sale or otherwise. The court did not err in considering the actual value of the marital home, as improved, in determining the amount to be divided and we reject husband's argument to the contrary. The court was not required to either value or distribute the equity in the home in the way outlined by husband in his brief, nor was it obligated to credit husband for any pre-marriage improvements to the home. See Cabot v. Cabot, 166 Vt. 485, 497 (1997) ("As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence."). Husband fails to show that the court's distribution is inequitable.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice

3