VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    24-AP-333



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2025

Christian Borgesen\* v. Debra Borgesen      }   APPEALED FROM:
                                                     }   Superior Court, Windham Unit,
                                                     }   Family Division
                                                     }   CASE NO. 23-DM-01709
                                                      Trial Judge: Rachel M. Malone

In the above-entitled cause, the Clerk will enter:

Husband appeals from the trial court's final divorce order. He challenges the court's division of the marital estate and its spousal maintenance award. We affirm.

The trial court made the following findings in its final divorce order. The parties married in October 1994 and separated in April 2020. Husband filed for divorce in August 2023. Husband was sixty-three years old at the time of the court's order; wife was sixty. The parties have two adult children, one of whom works as a teacher and lives with wife in the former marital home. The fair market value of the marital home is $450,000. Husband now lives in a two-bedroom apartment.

Husband has worked as a registered nurse for over thirty years. For the last seventeen years, he has worked at the Brattleboro Memorial Hospital. He works eight-hour shifts, Monday through Friday, and is sometimes on call on weekends and holidays. Husband receives annual increases in his salary as well as bonuses. During the marriage, husband worked in the Emergency Room and Intensive Care Unit at various hospitals and had ten-to-twelve-hour shifts, including at night and on weekends. Given husband's schedule, wife was at times the primary caregiver for the children. Wife's availability as a parent allowed husband to take positions in different hospitals, gain experience in different areas of nursing, and advance his career. Wife works for a bank and has worked there since she graduated from high school. While wife had opportunities for advancement, she did not pursue them because they would have rendered her unavailable for the children. While both parties provided care for the children, wife provided more care, particularly transportation.

The parties had a comfortable lifestyle during the marriage. They owned their home, raised two children, took family vacations, and had their own vehicles. They could meet their expenses and had money left over for extras. They sent both children to college.

At the time of the final hearing, husband earned $161,202.72 and his most recent bonus was $25,000. Husband wanted to retire at age sixty-seven and reduce his hours prior to that time. Wife earned $67,058.88. She did not have plans to retire. The court made numerous findings regarding the marital assets and debts. In dividing the marital estate, it considered the following factors. The parties had a long-term marriage of over twenty years. They acquired most of their assets during the marriage. Both parties were in good health and worked full-time. They were in their early sixties and financially prepared for retirement. The court expected the parties' incomes to remain the same except for possible annual increases and cost-of-living adjustments. While husband was the primary wage earner during the marriage, both parties contributed financially to the household; wife also made nonmonetary contributions as the primary parent available to care for the parties' children. Wife helped advance husband's career, while passing up opportunities to advance her own career, in order to care for the children. Wife did not have the same earning capacity as husband.

The parties agreed and the court found that wife was entitled to spousal support because she lacked sufficient income to provide for her reasonable needs and she could not support herself through appropriate employment at the standard of living established during the marriage. See 15 V.S.A. § 752(a)(1), (2). Husband earned more than twice what wife earned and had the opportunity to earn significant bonuses. The court followed the statutory guidelines for maintenance and found wife entitled to $3216.58 per month for 137 months, or approximately eleven-and-a-half years. Id. § 752(b)(9). It determined that husband had the ability to pay the ordered maintenance until he retired. The court did not order husband to pay maintenance after he retired, and to offset that time, it awarded wife a comparable portion of the marital estate. It divided the remainder of the marital estate equally. The court found that its award would enable both parties to live at the standard of living established during the marriage and allow both parties to retire at a reasonable age and on similar financial footing. The court thus ordered husband to pay wife $3216.58 per month between December 2024 and June 1, 2027. It awarded wife the existing equity in the marital home and made wife responsible for the remaining mortgage debt. Wife kept her pension and other retirement accounts, portions of which accrued before the marriage, as well as a money market account; husband was awarded his retirement accounts. The parties were ordered to jointly pay off a small loan for their daughter's college expenses. Husband moved to stay or modify spousal maintenance pending appeal, raising many of the same arguments that he now raises on appeal. The court denied his motion. This appeal followed.

Husband challenges the court's maintenance award and its division of the marital estate. According to husband, wife is not currently "struggling to cover her expenses and save," as the court found. He argues that wife has a better lifestyle than he does and that the court failed to recognize that he had a greater need for retirement savings than wife. Husband further asserts that, in determining wife's reasonable needs, the court erroneously considered wife's support of the parties' adult daughter, and it should have considered daughter's income in making its calculation. Husband also argues that the court should have separately evaluated wife's retirement needs and his retirement income. Finally, husband maintains that wife received an inequitable share of property in lieu of maintenance. He reiterates many of the same arguments above. He also contends that wife did not contribute to his advancement in his career and that they shared childcare responsibilities during the marriage.

We begin with the court's maintenance order. The court may award maintenance, either rehabilitative or permanent, to a spouse when it finds that the spouse lacks sufficient income and/or property to "provide for his or her reasonable needs" and the spouse is unable to support

himself or herself "through appropriate employment at the standard of living established during the marriage." 15 V.S.A. § 752(a); Chaker v. Chaker, 155 Vt. 20, 25 (1990). Husband agreed, and the court found, that this standard was satisfied. Once the family court "finds grounds for awarding maintenance, it has broad discretion in determining the duration and amount," and its award "will be set aside only if there is no reasonable basis to support it." Chaker, 155 Vt. at 25. The court's findings will stand unless, taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, there is no credible evidence in the record to support them. Semprebon v. Semprebon, 157 Vt. 209, 214 (1991).

Husband fails to show an abuse of discretion here. He provides his view of the evidence and challenges the trial court's assessment of the weight of the evidence. He fails to show that the court committed clear error in recognizing the disparity in the parties' income and stating that wife struggled to cover her expenses and save. The evidence, including wife's testimony, supports these findings. The court did not find that wife was supporting the parties' daughter and we reject husband's assertion that the court erred by failing to consider daughter's income in determining an appropriate maintenance award for wife. The court recognized that daughter lived in the marital home but, based on the testimony at the hearing, it found that this had a minimal impact on wife's finances and it did not impact the court's decision. Husband argues that the court erred in finding that he professed ignorance about using a home-equity loan, via his parents, to pay a student loan for daughter. Husband testified that he was not aware until he saw wife's financial disclosure in this case that daughter's student loan was paid through a home-equity loan, a statement the court rejected as not credible. Even assuming arguendo that the court erred in its characterization of husband's testimony about the loan, husband identifies no harm that arose from this finding. The court ordered the parties to share responsibility for daughter's remaining student loan. The court considered husband's monthly living expenses unreasonable, moreover. It identified numerous instances of discretionary spending, including monthly amounts for $450 in restaurant expenses, $350 on alcohol and tobacco, $400 on entertainment, $500 for vacations, and $1100 toward retirement savings, and found that husband could reduce this spending to meet his maintenance obligation. The court also noted that husband chose to purchase a new vehicle while this case was pending, thereby incurring a new $850 monthly obligation. The record supports the court's determination that husband could pay $3216.58 per month in maintenance and that wife needs maintenance because she lacks sufficient income to provide for her reasonable needs and she cannot support herself through appropriate employment at the standard of living established during the marriage.

In making its award, the court was not required to separately analyze the parties' pre- and post-retirement circumstances in reaching its decision. The court explained that the goal of its order was to put the parties on equal footing going into retirement as they both contributed equally to the household and the marital estate. The court recognized that wife had more in retirement savings than husband but found that husband would receive more Social Security income than wife. Husband essentially asks this Court to reweigh the evidence and conduct the maintenance analysis anew, which is not our role. We leave it to the factfinder to evaluate the credibility of witnesses and assess the weight of the evidence. Mullin v. Phelps, 162 Vt. 250, 261 (1994). We defer to the trial court's decision and husband fails to show that the court's decision lacks a reasonable basis.

We similarly find no error in the court's division of the marital estate, including its award to wife of property in lieu of maintenance. As with its maintenance award, the court has broad discretion in dividing the marital estate, and we will uphold its decision unless its discretion was abused, withheld, or exercised on clearly untenable grounds. Chilkott v. Chilkott, 158 Vt. 193,

3

198 (1992). The party claiming an abuse of discretion bears the burden of showing that the trial court failed to carry out its duties. Field v. Field, 139 Vt. 242, 244 (1981). We have noted that the distribution of property is not an exact science and, therefore, all that is required is that the distribution be equitable. Lalumiere v. Lalumiere, 149 Vt. 469, 471 (1988).

Husband fails to show that the court's award is inequitable. As set forth above, the court awarded wife property in lieu of maintenance to offset the ninety-four months (with a value of $302,358.52) that husband would not be paying maintenance. The court divided the remaining marital estate equally. The court was aware that wife had more retirement assets than husband but also noted that he would draw more Social Security. His complaints about the parties' respective lifestyles, as with his other arguments, are challenges to the trial court's assessment of the weight of the evidence. The court's findings as to wife's contribution to husband's career advancement and her greater role in caring for the children are supported by the record. While husband disagrees with the court's conclusions, he fails to demonstrate any abuse of discretion. See, e.g., Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (mem.) (explaining that arguments which amount to nothing more than a disagreement with court's reasoning and conclusion do not make out a case for an abuse of discretion). We have considered all of the arguments in husband's brief and conclude that they are all without merit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice