**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     25-AP-032



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2025

| | |
|---|---|
| Katherine Broggini v. Anthony Broggini* } | APPEALED FROM: |
| } | Superior Court, Grand Isle Unit, |
| } | Family Division |
| } | CASE NO. 23-DM-01144 |
| | Trial Judge: Samuel Hoar, Jr. |

In the above-entitled cause, the Clerk will enter:

Husband appeals from the trial court's final divorce order.  He argues that the court erred in distributing the marital estate.  We affirm.

The parties married in April 2018.  They have three children together, all of whom are minors.  The parties separated in May 2023 after wife obtained a temporary relief-from-abuse (RFA) order against husband.  Wife then filed for divorce.  Following a three-day hearing, the court issued its final order dividing the marital estate and awarding wife primary parental rights and responsibilities for the children.

The court made numerous findings, including the following.  Husband has had ongoing issues with substance abuse, and those issues ultimately contributed to the destruction of the parties' relationship.  Husband's behavior became increasingly erratic over time, leading wife to seek a temporary RFA order.  Before the order could be served, husband threatened wife at gunpoint in the presence of one of their children; he struck her on the head several times and pointed a gun at her at very close range.  Husband was arrested and he pled no contest to criminal threatening and domestic assault.  The court found that husband baselessly blamed wife for his substance abuse problems and failed to accept responsibility for the effect of his behavior on the destruction of the marriage.

With respect to the parties' assets, the court found that at the time of the marriage, wife owned what became the marital home.  The fair market value of the home at that time was $396,500.  Its current value was $600,000.  Virtually all of the increase in value flowed from wife's initial investment in the property, augmented over time by market forces.  The property was encumbered by a first mortgage of $213,833.79, and wife paid the monthly mortgage installment of $1618 as well as the property taxes.  There was also a home equity line of credit (HELOC) loan on the property for $3762.50 and a loan in wife's name alone of $7018.07 that was used to replace the boiler.  The parties also owned a boat valued at $12,500.  Wife bought the boat before the marriage, taking out a $6000 loan to do so.  But the court found that, also

before the marriage, the parties took out a HELOC loan to consolidate their debts. They used $6000 of that loan to pay off the boat and thus, $6000 of the boat's value was a joint asset. The court discussed the parties' other assets, including personal property, retirement accounts, and credit card debts.

Based on these and other findings, the court awarded primary PRR to wife and divided the parties' assets. It found that the equities weighed in favor of awarding each party the major assets that they brought to the marriage. Thus, wife was entitled to the home, the boat, and her retirement account. Husband was entitled to his retirement account. The court indicated that it had considered the factors set forth in 15 V.S.A. § 751(b) with respect to these items. Its conclusion regarding the house was driven by the factors set forth in § 751(b)(9)-(11), namely, "[t]he desirability of awarding the family home or the right to live there for reasonable periods to the spouse having custody of the children;" "[t]he party through whom the property was acquired;" and "[t]he contribution of each spouse in the acquisition, preservation, and depreciation or appreciation in value of the respective estates, including the nonmonetary contribution of a spouse as a homemaker." With respect to the final factor, the court found that while husband contributed to the home's value during the marriage, his efforts did not contribute to the home's appreciation. The appreciation flowed exclusively from wife's original investment. The court thus found that husband was not entitled to any credit with respect to the home's increased value. The court awarded wife the boat because she had acquired it prior to the marriage, but it awarded husband credit for his share of paying off the loan on the boat. Based on similar reasoning about the party through whom the property was acquired, the court concluded that each party was entitled to their own retirement accounts.

With respect to debt, the court concluded that the mortgage obligation was personal to wife. She brought the loan to the marriage and, as she was retaining the house, equity required that she also retain the mortgage. The loan for the boiler was also personal to wife as it was taken out in her name alone and used to preserve the value of the home. With respect to the loans against the parties' retirement accounts, the HELOC, the parties' credit card debt, and part of a loan from husband's father, the court concluded that this was marital debt to be shared equally by the parties.

Husband moved for reconsideration and clarification, questioning in relevant part whether the court properly accounted for the loan he took against his retirement account to pay down the HELOC debt. The court denied husband's motion, explaining that it had fully considered the argument that husband raised in reaching its decision and it found no basis to reconsider its order. This appeal followed.

On appeal, husband reiterates the argument he raised in his motion to reconsider. He asserts that the court failed to adequately account for the loan he took from his retirement account to pay down the HELOC debt. Husband maintains that it was unfair for wife to receive the full equity in the marital home because he should have been credited for his $33,000 contribution to paying off the HELOC loan.

The trial court has broad discretion in dividing the marital property, and we will uphold its decision unless its discretion was abused, withheld, or exercised on clearly untenable grounds. Chilkott v. Chilkott, 158 Vt. 193, 198 (1992). The party claiming an abuse of discretion bears the burden of showing that the trial court failed to carry out its duties. Field v. Field, 139 Vt. 242, 244 (1981). As husband recognizes, "the distribution of property is not an exact science and does not always lend itself to a precise mathematical formula; all that is required is that such

distribution be equitable." <u>Victor v. Victor</u>, 142 Vt. 126, 130 (1982). We leave it to the trial court, as the factfinder, to evaluate the credibility of witnesses and weigh the evidence. <u>Mullin v. Phelps</u>, 162 Vt. 250, 261 (1994).

There was no error here. As reflected above, the court found that husband's loan against his retirement account, like the loan that wife took against her retirement account, was used to pay for joint marital expenses and it was marital debt to be shared equally by the parties. While husband believes the court should have treated this loan differently, his disagreement with the court's conclusion does not demonstrate an abuse of discretion. See, e.g., <u>Meyncke v. Meyncke</u>, 2009 VT 84, ¶ 15, 186 Vt. 571 (mem.) (explaining that arguments which amount to nothing more than disagreement with court's reasoning and conclusion do not make out case for abuse of discretion). The court provided reasonable grounds for its determination and husband fails to show that the court's award is inequitable.

<u>Affirmed</u>.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
Nancy J. Waples, Associate Justice

3