VERMONT SUPERIOR COURT
Environmental Division                                                    Docket No. 24-ENV-00092
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



| Chompupong DRB Decision Appeal |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Reconsider (Motion: 18)
Filer:          Karen M. Geriak and Adam H. Dworkin
Filed Date:     September 29, 2025

Town's Opposition to Motion, filed Oct 1, 2025, by Merrill E. Bent, Esq.

Appellants' Reply in Support of Motion, filed on October 2, 2025, by Karen M. Geriak and Adam H. Dworkin

**The Motion is Denied.**

This is an appeal by Karen Geriak and Adam Dworkin (Appellants) from a decision of the Town of Manchester (Town) Development Review Board (DRB) upholding the Zoning Administrator's issuance of a sign permit to Vonnarat Chompupong (Applicant) for the replacement of a freestanding sign located at 4659 Main Street in Manchester, Vermont (the Property).

In a written decision issued on September 22, 2025, following a motion hearing held on September 15th, this Court granted Applicant's motion to dismiss Appellants' appeal on standing grounds.[1] Chompupong DRB Decision Appeal, 24-ENV-00092, slip. op. at 3 (Vt. Super. Ct. Envtl. Div. Sep. 22, 2025) (McLean, J.). More specifically, the Court concluded that Appellants had failed to meet their burden of demonstrating standing as "interested persons" under 24 V.S.A. § 4465(b)(3) because: 1) the commercial property they claim an interest in, 4645 Main Street, is owned by a related limited liability company, High Ridge Plaza, LLC, which did not appeal the decision below to this Court; and 2) because Appellants did not offer evidence sufficient to prove their occupancy of the adjoining property in their individual capacities or articulate a cognizable physical or environmental impact on their interests. Thus, this Court found they lacked standing to pursue their appeal and

---

[1] This hearing was originally noticed as a merits hearing scheduled for the same date. Because the Court dismissed Appellants' appeal on standing grounds, there was no need for a subsequent merits hearing.

granted Applicant's motion. Id. at 4. Appellants now move for the Court to reconsider that order dismissing their appeal, request the Court accept additional evidence corroborating their occupancy, and allow their appeal to proceed after finding they have standing.

Appellants' motion is reviewed under V.R.C.P. 59(e). [2] There are four basic grounds for granting a motion to alter or amend a judgment: "(1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow a moving party to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) to respond to an intervening change in controlling law." NEWSVT Declaratory Ruling Appeal, 23-ENV-00053, slip. op. at 2 (Vt. Super. Ct. Envtl. Div. May 14, 2025) (Walsh, J.) (citations and quotation omitted). "Rule 59(e) should not be used to 'relitigate old matters' or 'raise arguments or present evidence that could have been raised prior to entry of the judgment.' . . . disagreement with the court's decision is not grounds for reconsideration." In re Marsh Zoning Permit, 2009 WL 6043900, slip. op. at 2 (Vt. Super. Ct. Envtl. Div. December 16, 2009) (Wright, J.) (citation and punctuation omitted).

Appellants contend their failure to prove that they individually occupy 4645 Main Street, and therefore qualify for interested person status, should be attributed to their lack of understanding of court processes and legal standards. They assert the evidence submitted to the Court in conjunction with their pending motion to reconsider is sufficient to establish their standing, such that denying the motion would result in a manifest injustice. Appellants have not presented adequate factual or legal grounds to reconsider the Decision.

Appellants' motion essentially argues that they should now be allowed to present evidence of their occupancy to prove their statutory standing, despite having failed to avail themselves of previous, reasonable opportunities to do so. When Applicant initially challenged their standing, Appellants had multiple opportunities, both prior to and during the September 15th hearing, to respond to and/or present evidence and argument on that issue — i.e., in their Opposition to Applicant's Motion to Dismiss, in their Reply filing (referenced above) and in their oral presentation to the Court. Despite their clear awareness that the Applicant had raised a potentially dispositive issue, they declined to seek the assistance of counsel or present the evidence they currently proffer, despite its availability to them; they now ask the Court to consider evidence that they could have and should have presented earlier

---

[2] The Court construes Appellants' "Motion to Reconsider Order of Dismissal" and their "Memorandum of Evidence In Support of Appellants' Standing as Occupants" together as a Rule 59(e) Motion to Alter or Amend a Judgment. V.R.C.P. 59(e).

in this proceeding.[3]  Appellants concede multiple times in their recent filings that the arguments and evidence they present could have been presented prior to the entry of judgment.[4]  Their motion to reconsider is both an attempt to relitigate matters already decided and to present evidence that could have been raised prior to the entry of judgment, and it does not present grounds to alter or amend the Court's prior order.  See e.g., N. Sec. Ins. Co. v. Mitec Elecs., Ltd., 2008 VT 96, ¶41 (quoting Osborn v. Osborn, 147 Vt. 432, 433 (1986)) (emphasis added); Stowe Aviation, LLC v. Agency of Com. & Cmty. Dev., 2024 VT 11, ¶ 19 ("Rule 59(e) is meant to remedy mistakes made by the court, not litigants.")

Appellants do not identify any reason other than their own misunderstanding for their failure to present their evidence at an earlier juncture and claim that allowing the dismissal of their appeal to stand would result in manifest injustice.  While Appellants repeatedly cite their lack of legal knowledge and experience as the reason for their failure to present sufficient evidence to establish their statutory standing, at no point do they claim that the Court erred in determining the relevant law or misapplied that law.  Thus, their motion cannot be granted under the manifest injustice scenario outlined in Rule 59(e).

Further, while it is correct that "the trial court should be cautious that the pro se litigant is not taken advantage of by strict application of rules of procedure . . . The court does not abuse its discretion where it enforces the rules of civil procedure equitably, even against a pro se litigant."  In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 22 (citation and quotations omitted).  The Vermont Supreme Court further found in Verizon Wireless that "[i]t was not for the trial court to discern the grounds for neighbors' party status and then to suggest an argument to support that claim." Id.  Appellants' unfamiliarity with the requirements of standing because of their pro se status does not present grounds for this Court to reconsider its September 22, 2025 Decision.

Finally, even if Appellants had identified an appropriate avenue for their motion to alter or amend a judgment, it is not clear to the Court that their various submitted exhibits conclusively establish their occupancy of the 4645 Main Street property, as they assert. Broadly speaking, many of

---

[3] As noted above, Appellant had a least three prior opportunities to present the evidence and argument that they now ask the Court to consider in (re)evaluating their standing.

[4] See e.g., Motion, p. 1 ("This evidence . . . was not presented at the prior hearing due to our misunderstanding of the evidentiary requirements …. We mistakenly failed to articulate at the hearing that the sign's placement directly endangers our own safety."); Reply p. 2 ("Appellants' failure to formally submit evidence of their personal occupancy was not a strategic decision, but was rooted entirely in their unfamiliarity with the rules of evidence as pro se litigants. Appellants sincerely did not understand that they needed to provide specific evidence proving actual occupancy and use of the property.").

Appellants' exhibits, which largely include invoices and banking statements related to the property, do not indicate whether they were sent to Appellants in their individual capacities, or as registered agents of the LLC.[5] Many of these exhibits appear to be related to the LLC, such that they do not appear to establish Appellants individual occupancy of the property. To the extent that some of the anecdotal evidence offered by Appellants could potentially establish their occupancy of the premises, that evidence suffers from the same defect as set forth above: it is an attempt to present evidence which could have been presented prior to the entry of judgment, in the service of relitigating an old matter—whether Appellants have standing under 24 V.S.A. § 4465(b)(3).

For all these reasons, the motion to alter or amend the judgment must be **DENIED**.

Electronically signed on October 10, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[5] For this reason, many of the documents addressed to either Ms. Geriak or Mr. Dworkin and High Ridge Plaza, LLC, do not assist Appellants in demonstrating their occupancy in their individual capacities. Documents addressed exclusively to High Ridge Plaza, LLC, or Cold Cow Creamery, or Nipper's Café, or any combination of the three, are similarly ineffective. Both Cold Cow and Nipper's are assumed business names and functionally no different from High Ridge Plaza, LLC. 11 V.S.A. § 1621. As such, documents like a restaurant license for High Ridge Plaza, LLC/Cold Cow Creamery/Nipper's Café at 4645 Main Street in Manchester only prove that the corporate entity occupies the property at that address, not Appellants. Exhibit 2. Further, utility bills simply show that Ms. Geriak or Mr. Dworkin paid for those monthly services, not that they occupied the property for the time that those services were used. See, e.g., Exhibits 5, 6. The same can be said of bank statements; showing that Ms. Geriak and Mr. Dworkin appear to freely withdraw and deposit money into High Ridge Plaza, LLC's corporate account has no bearing on their personal presence at 4645 Main Street for any length of time. Exhibits 9, 10.